351 So.2d 128 (1977)
LOUISIANA CONSUMERS' LEAGUE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
No. 59819.
Supreme Court of Louisiana.
October 10, 1977.
*129 Stephen M. Irving, Woodrow W. Wyatt, Doris Falkenheiner, Baton Rouge, for plaintiff-relator.
Marshall B. Brinkley, Baton Rouge, for defendant-respondent.
Jane Johnson, New Orleans Legal Assistance Corp., New Orleans, for amicus curiae.
MARCUS, Justice.
After its petitions of intervention in two pending rate proceedings were denied by the Louisiana Public Service Commission, the Louisiana Consumers' League, Inc. brought this action in the Nineteenth Judicial District Court to enjoin the Commission from conducting further hearings on the rate applications until the League was permitted to intervene in said rate proceedings. La.Const. art. 4, § 21(E); La.Const. art. 5, § 2; La.R.S. 45:1192. The district court rendered judgment in favor of the Commission denying the League the relief sought. Thereupon, the League applied to the court of appeal for supervisory writs and a stay order which application was not considered by the court on the ground that the court lacked jurisdiction of the case under La. Const. art. 4, § 21(E) and art. 5, § 10. The *130 League then applied to this court for supervisory writs and a stay order. La.Const. art. 4, § 21(E); La.Const. art. 5, §§ 2 and 5(A). Although we refused to stay the rate proceedings, we granted the writ to review the ruling of the Commission, as affirmed by the district court, denying the League's petitions of intervention and as provisional relief ordered the Commission to permit the League to intervene in the rate proceedings.[1]
The facts are not in dispute. In the fall of 1976, Central Louisiana Electric Company[2] and Louisiana Power and Light Company[3] filed applications for an increase in rates with the Commission. In both proceedings, the League filed formal petitions of intervention pursuant to Rule 10 of the Rules of Practice and Procedure of the Louisiana Public Service Commission, effective November 16, 1972, which rule provided that ". . . every civic and trade organization shall be permitted to intervene in any proceeding and present any relevant and proper testimony and evidence bearing upon the issues involved in the particular proceeding." (Emphasis added.) Relying on an amendment to Rule 10, effective July 1, 1976, which provided in pertinent part that ". . . every civic and trade organization shall be permitted to appear in any proceeding whether as a formal intervenor or otherwise, and present any relevant and proper testimony and evidence bearing upon the issues involved in the particular proceeding" (emphasis added), the Commission denied the League the right to intervene and instead permitted it to participate in the proceedings only as an "interested party." As such, the League was invited by the Commission to submit any relevant testimony or documentary evidence and to refer questions to be asked on direct or cross-examination of witnesses to counsel for the Commission, who would then ask them to the witnesses. Relegation of the League to the status of an interested party also prevented it from appealing a decision of the Commission, as a right of appeal extends only to an "aggrieved party or intervenor" in the proceeding under La. Const. art. 4, § 21(E).
The League then brought the present action in the district court, contending that the amendment to Rule 10 relied upon by the Commission in denying its right to intervene in the rate proceedings was ineffective in that it was not adopted in compliance with the rule-making provisions of the Administrative Procedure Act which act purportedly applies to all state agencies not specifically excluded. La.R.S. 49:951-954, 967. As defined in the act, "agency" means any state board, commission, or department which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof and the courts. La.R.S. 49:951(2). Prior to the adoption, amendment, or repeal of any rule, the agency must give at least fifteen days notice of its intended action, which notice must be published at least once in both the official Louisiana Journal and Louisiana Register. In addition, the agency is required to afford all interested persons reasonable opportunity to submit data, views, or arguments orally or in writing. La.R.S. 49:953. Subsequent to the adoption of a rule or an amendment thereto, the agency is required to file in the office of the Division of Administration a certified copy of the rule which becomes effective upon publication in the Louisiana Register. La.R.S. 49:954. The League contended that the Commission falls within the purview of the act since it is an agency as defined in the act and is not specifically excepted from its coverage under La.R.S. 49:967. The League argued that, since the Commission failed to give notice of the purported amendment to Rule 10 and to afford interested *131 persons an opportunity to submit their views on the intended action, the amendment had not been validly enacted and was without effect. Hence, it contended that the former version of Rule 10 remained in force and conferred upon the League an unconditional right to intervene in the rate proceedings. The League further asserted that the Commission's denial of its petitions of intervention deprived it of equal protection of the laws since in prior proceedings the Commission had permitted industrial customers to participate as intervenors, and violated the due process clause of the federal constitution.
In opposition to the League's contentions, the Commission argued that it is not governed by the provisions of the Administrative Procedure Act since it is a constitutionally-created body independent of the legislature with its powers and duties defined in the constitution, one of which is the power to ". . . adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties . . . ." La.Const. art. 4, § 21(B). The Commission contended that this constitutional grant of rule-making power could not be subjected to the procedural restraints outlined in the act and imposed by the legislature on the rule-making power of state agencies. Therefore, the Commission was constitutionally empowered to amend Rule 10 and could validly deny intervenor status to the League.
Testimony taken at the hearing of this matter revealed that, prior to the adoption of the amendment to Rule 10, the proposed amendment was not published in the Louisiana Register or the Louisiana Journal nor was a copy of the amended rule sent to the office of the Division of Administration. However, subsequent to its adoption, copies of the amendment were sent by the secretary of the Commission to the Louisiana Register and were disseminated to interested persons on the Commission's official mailing list.
In his written reasons for judgment denying the League relief, the district judge concluded that the provisions of the Administrative Procedure Act do not apply to the Commission since La.Const. art. 4, § 21(B) grants to the Commission the power to establish its own rules of procedure, thereby precluding the legislature from enacting statutes, such as the Administrative Procedure Act, which restrict that power. The district judge further found that there was ample notice of the rule change in that after its adoption copies of the amendment were disseminated throughout the state and more than adequate time had expired between adoption of the amended rule and the rate proceedings for a party seeking to participate therein to have obtained a copy of the amended rule. Finally, the judge held that the Commission had afforded the League sufficient opportunity to participate in the proceedings so as to satisfy its constitutional rights.
The ultimate issue to be decided in this case is the validity of the amendment to Rule 10 for, if this rule was improperly amended, the former version of Rule 10 remained in effect and granted to the League an unconditional right to intervene in the rate proceedings. Resolution of this issue in turn rests upon the determination of whether the legislature may subject the constitutional power of the Commission to adopt its own rules and procedures to the procedural limitations set forth in the rulemaking provisions of the Administrative Procedure Act.
Pursuant to La.Const. art. 4, § 21(B), the Commission ". . . shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties . . . ." This constitutional grant of rule-making power to the Commission precludes the legislature from enacting statutes which would restrict the Commission's ability to adopt its own rules, regulations, and procedures. Accordingly, the rule-making provisions of the Administrative Procedure Act are not applicable to the Commission.
Although the Commission cannot constitutionally be subjected to legislatively-created restrictions in the exercise of its rule-making power, it does not follow that *132 the Commission has unfettered discretion in the selection of the content of its rules or the manner of their adoption. By express mandate of La.Const. art. 4, § 21(B), the power of the Commission extends to the adoption and enforcement of "reasonable" rules, regulations, and procedures. Not only the rule itself but the procedures employed by the Commission, including the method by which a rule is adopted, amended, or repealed, must be reasonable. To be considered reasonable, the procedure by which a rule change is effected must provide for notice of the proposed rule change and a reasonable opportunity for interested persons to submit data or views addressed to that issue.[4] Should the procedure fail to comport with the standard of reasonableness mandated by the constitution, any rule change would be invalid and of no effect.
Applying these principles to the instant case, the record reveals that the procedure employed by the Commission in amending Rule 10 failed to afford notice of the proposed amendment so that interested persons might have had an opportunity to present their views on the Commission's intended action prior to the adoption of the amendment. This failure rendered the procedure unreasonable and the amendment to Rule 10 without effect. Hence, we conclude that the former version of Rule 10 remained in force and granted to the League an unconditional right to intervene in the rate proceedings before the Commission. Accordingly, we confirm our previous order directing the Commission to permit the League to intervene in the rate proceedings.

DECREE
For the reasons assigned, the judgment of the district court is reversed, and the previous order of this court directing the Louisiana Public Service Commission to permit the Louisiana Consumers' League, Inc. to intervene in the rate proceedings is confirmed.
CALOGERO, J., concurs and assigns reasons.
TATE, J., concurs, believing that publication is required before effectiveness of the rule, as required by the A.P.A.
DENNIS, J., concurs.
The La. Constitution's general guarantee of due process, Art. 1 Sec. 3, and specific requirement that the Commission adopt and enforce reasonable rules, regulations and procedures, Art. 4, Sec. 21, afford to the utility's residential consumer class the right to have its legitimate representative intervene and participate in the proceedings.
SUMMERS and DIXON, JJ., dissent.
CALOGERO, Justice, concurring.
The majority concludes that Rule 10 of the Louisiana Public Service Commission's current rules is ineffective. Because I agree with this conclusion I concur.
My reasons, however, are different from the majority. I do not believe that the constitutional mandate of Article 4, § 21(B) to "adopt and enforce reasonable rules, regulations, and procedures" requires that in order for a rule change to be effective the commission must allow for notice of the proposed rule change and reasonable opportunity for interested persons to submit data or views addressed to that issue. On the contrary, I believe that the only constitutional limitation upon the commission with respect to the adoptions of rules is that reasonable rules be adopted and enforced. I find no constitutional requirement, inferential or otherwise, that the commission notice and conduct rule hearings.
I do, however, believe that there are valid procedural restrictions upon the commission with respect to the adoption of rules, and that these are the provisions of the Administrative Procedure Act. The legislature *133 has the authority to enact any statute unless specifically limited by constitutional provision. I do not find in Article 4, § 21(B)'s provision that the commission "shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties" any limitation upon the legislature that would preclude its prescribing procedures for the adoption of rules to be employed by state agencies, even though the state agency in question is constitutionally mandated to adopt rules governing its proceedings. Certainly provisions of the APA, short of directing the substance of the rules to be adopted by the constitutionally mandated commission, and involving certain procedures such as notification, publication and the like, are not in my view contrary to the constitutional provisions which give to the commission the power and duty to adopt and enforce reasonable rules. Accordingly, I am of the view that Rule 10 of the commission's current rules is ineffective, for those rules were not adopted in compliance with the APA.
I am also of the view that there is a very serious equal protection issue raised by the relators having to do with the commission's permitting large industrial customers to intervene while disallowing intervention to representatives of the public at large. Although I do not believe that issue need be faced here, in view of the fact that the majority opinion allows this plaintiff to intervene as a matter of right, there can be no question that commission rules must be applied with an even hand. This Court will carefully inspect commission rules and their application to insure that no group's right to equal protection is violated.
NOTES
[1] 345 So.2d 1191 (La.1977).
[2] Ex parte Central Louisiana Electric Company, No. U-13172.
[3] Ex parte Louisiana Power and Light Company, No. U-13220.
[4] Although we have concluded that the legislature may not constitutionally subject the Commission to the rule-making provisions of the Administrative Procedure Act, these provisions, which govern the majority of the state agencies, do offer guidance as to what constitutes a reasonable procedure by which the Commission may implement rule changes.