SHORTESS, Judge.
The Director of the Department of State Civil Service (Department) has moved to dismiss this unlodged appeal on the ground that it was not timely filed.
Vince Dunn (appellant) was terminated from his employment as Attorney I with the Department of Health and Human Resources (appellee) by letter dated August 22, 1980. A timely notice of appeal was dated September 19, 1980. On December 22,1980, appellee filed a motion for summary disposition. On October 7, 1981, a hearing was held, limited to the request for summary disposition. On June 18,1982, the Civil Service Commission (Commission) rendered and filed its opinion, granting the request for summary disposition dismissing appellant’s appeal. Appellant then hand delivered to the Commission a written application for appeal on July 21, 1982. On July 26, this motion to dismiss the unlodged appeal was filed. On July 28, we issued an order to the parties to show cause why this appeal should not be dismissed.
Appellant, in response to the motion to dismiss, presents several arguments:
1.A motion to recuse an employee of the Commission was filed in these proceedings but was never acted upon. That matter is totally unrelated to this motion to dismiss. A motion to recuse has not been filed in this court.
2. The Department should not be permitted to participate in this appeal. The law is clear; LSA-R.S. 13:3417 requires the Department to intervene in these proceedings, and by law it becomes an indispensable party.
3. The final decision should have been mailed to appellant before the appeal delays began to run. Appellant in argument cites La.C.C.P. art. 1913. This article is inapplicable. The applicable law is contained in Article 10, Section 12 of the Louisiana Constitution, which provides in part:
“The decision of a commission shall be subject to review on any question of law or fact on appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.”
The Commission’s rules, in pertinent part, are also applicable:
“13.28 Commission Action on Appeal
(a) After hearing of an appeal, the Commission shall make a written decision containing its findings of facts and conclusions, which shall be filed with the Director. The decision of the Commission shall be final on the day that it is filed with the Director.
(b) On the same date that the decision is filed with the Director, the Director shall mail to all interested parties a copy of the decision.”
The record indicates that a copy of the opinion was mailed to appellant and his attorney, Raymond L. Simmons, on June 18, 1982, the same day it was filed with the Director. In Smith v. Dept. of Health and Human Resources, 416 So.2d 94 (La.1982), our Supreme Court put to rest any contention that the Commission was not empowered to adopt rules which might conflict with statutory law, and held:
“La.Const. art. 10, § 10(A) vests the Commission ‘with broad and general rulemak-ing and subpoena powers for the administration and regulation of the classified service.... ’ This constitutional grant of rule-making power to the Commission *439 precludes the legislature from enacting a statute which would nullify the Commission’s rule prohibiting a hearing from a final decision of the Commission. Accordingly, the rehearing provision of the Administrative Procedure Act is not applicable to decisions of the Commission. Cf. La. Consumers’ League, Inc. v. La. Public Service Commission, 351 So.2d 128 (La.1977).”
Appellant’s arguments are without merit. The appeal was filed on July 21, 1982, more than thirty days after the Commission’s decision became final. For all these reasons, the motion to dismiss the unlodged appeal is granted, at appellant’s costs.
APPEAL DISMISSED.