Dear Mr. Brinkley:
Former Public Service Commissioner, Mr. Louis J. Lambert, Jr., has requested an opinion of this office as to whether the Louisiana Public Service Commission can authorize exemptions to certified carriers beyond that set forth in La. R.S. 45:172
A(4), and in particular, whether Louisiana Public Service Commission Order No. T-13570-A (corrected) is valid in view of the restriction of exempting motor carriers in only one (1) municipality, pursuant to La. R.S. 45:172 A(4).
Article 4, Section 21 of the Louisiana Constitution empowers the commission to "adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties." Similarly, La. R.S. 36:722(3) empowers the commission to "make, alter, amend, and promulgate rules and regulations necessary for the administration and functions of the department."
Specifically, in regard to carriers, the Commission is empowered to:
 [S]upervise, govern, regulate, and control all motor carriers, and to fix reasonable and just rates, fares, tolls or charges . . . shall include all matters connected with the service to be given or rendered . . . the power to adopt and enforce such reasonable rules, regulations and modes of procedure as it may deem proper for the discharge of its duties. . . .
La. R.S. 45:163 (A), (B) (as amended by Act 819 Section 1, 1984).
The Louisiana Supreme Court has ruled that the granting of such power to the Commission is necessary for discharge of its duties and prohibits the "legislature from enacting statutes which would restrict" such powers; in fact, this court held that even provisions of the Administrative Procedure Act (La. R.S. 49:951
et. seq.) do not apply to this Commission. Louisiana Consumers League, Inc. v. Louisiana Public Service Commission, 351 So.2d 128,131 (1977).
The Motor Carriers provisions (La. R.S. 45:161 et. seq.) do not specifically prohibit the Commission from extending the exemptions allowed by La. R.S. 45:172 A(4).
The Commission is authorized to make rules, regulations, and set notes or charges by an Order made and entered into its records. Such Order shall be binding and enforceable upon persons under its jurisdiction from the time fixed by the Commission, unless changed or set aside by a court. La. R.S. 45:1191. The procedures and methods used by the Commission to promulgate or change rules and regulations must be reasonable. To be reasonable, the court in Louisiana Consumers' League, Inc. supra, determined that the Commission must provide for notice of any proposed rule, or change, and provide reasonable opportunity for interested persons to submit data or views.351 So.2d at 132.
If no application for rehearing is filed, dissatisfied persons may oppose that Order within 45 days after the Order becomes effective, by filing a petition in the court at the domicile of the Commission, stating the particular objection to the Order. If an application for rehearing is filed, the time for appeal does not begin to run until the date the commission issues an Order disposing of the rehearing application. La. R.S. 45:1192
(as amended by Act 342 Section 1, 1989).
Specifically in regard to Order Number T-13570-A (corrected), it is the opinion of our office that a thorough reading of the Order indicates that the intention of the Commission therein is not to allow armored car carriers to operate unregulated in more than one (1) incorporated municipality, which would be contrary to R.S. 45:172 A (4). Rather the purpose of the Order is to allow armored carriers to (1) cancel their commodity tariffs applying to the area for which they desire a tariff filing exemption, and (2) to be exempted from tariff filing requirements on their vehicles operated within the corporate limits of incorporated municipalities.
If you have any questions or if I can assist you further, please contact me at 504-342-9638.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb
cc: Louis Lambert