Dear Commissioner Sittig:
You have asked for an opinion from this office regarding the Louisiana Public Service Commission's (Commission) authority or jurisdiction in light of the recent enactment of Act 739 of 1995, codified as La. R. S. 49:991-999 (Act).
The above referenced Act is a comprehensive provision creating the Division of Administrative Law within the Department of Civil Service (Division) for the purpose of handling all adjudications of most agencies, boards and commissions of the executive branch of state government in the manner required by the Administrative Procedures Act. La. R. S. 49:992. Although several state agencies are exempted from the provisions of the Act, the Commission is not one of them and, in fact, is specifically included
by virtue of La. R.S. 49:992(D)(1). Thus, it is clear that the legislature intended, for whatever reason, to leave no doubt that the newly created Division was to have the responsibility and authority to conduct adjudications which had previously been the province of the Commission. Moreover, any ability of the Commission to determine its own final decisions or orders, such as in rate-making, has been relinquished by virtue of La. R.S.49:992(B)(2) which provides that the decision of the administrative law judge is final and the agency shall have no authority to override such decision or order.
The question presented to this office is whether, by superseding the administrative authority of the Commission, the Act unnecessarily and illegally impinges upon the agency's jurisdiction.
After a review of the applicable constitutional provisions as well as case law interpreting the jurisdiction of the Commission, it is the opinion of this office that the legislature is without authority to restrict the Commission's ability to adopt and enforce its own rules, regulations and procedures. We therefore are of the opinion that the Act, to the extent it modifies the jurisdiction of the Commission, is unconstitutional and without effect.
Unlike most commissions established by the legislature, the Public Service Commission is unique in that it is not a statutory creature but a creation of the Constitution. The relevant constitutional provision to the issue at hand is Art IV, Sec.21(B), 1974 La. Const. which states:
 The commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law. It shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties, and shall have other powers and perform other duties as provided by law.
The above provision has been interpreted on numerous occasions by the Louisiana Supreme Court. The law is clear. Article IV, Sec. 21(B) provides the Commission with broad and independent power and authority to regulate common carriers and public utilities. La. Power and Light v. La. Public ServiceCommission, 609 So.2d 797 (La. 1992). This power has often been termed "plenary" meaning "full, entire, complete, absolute, perfect and unqualified. See: Gulf States Utilities Co. v.Louisiana Public Service Commission, 578 So.2d 71
(La. 1991), cert. denied 112 S.Ct. 637 (La. 1991); and DailyAdvertiser v. Trans-La. Etc., 612 So.2d 7 (La. 1993). Because this constitutional authority is exclusive, clear and unambiguous, the legislature cannot modify the Commission's jurisdiction by statute (Bowie v. Louisiana Public ServiceCommission, 627 So.2d 164 (La. 1993)) nor require the Commission to comply with the Administrative Procedures Act.La. Consumers' League v. La. Public ServiceCommission, 351 So.2d 128 (La. 1977).
Accordingly, it is the opinion of this office that the provisions of Act 739 of 1995 do not apply to the Commission.
If we may be of further service with regard to this inquiry please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ DAVID C. KIMMEL Assistant Attorney General
DCK/llh
Date Received: May 28, 1996
Date Released:
DAVID C. KIMMEL ASSISTANT ATTORNEY GENERAL