hPER CURIAM.
This matter arises from a pilotage fees and rates proceeding filed with the Louisiana Public Service Commission (“LPSC”) pursuant to La. R.S. 34:1122(D)(1). CIT-GO Petroleum Corporation (“CITGO”) and Conoco, Inc. (“Conoco”) sought to intervene in the proceeding before the LPSC, citing their substantial use of pilotage services on the Mississippi River. However, the LPSC ruled that CITGO and Conoco could participate in the proceeding only as interested parties.
CITGO and Conoco sought review of this order in the district court pursuant to La. R.S. 45:1192. After considering the parties’ arguments on the merits, the district court affirmed the LPSC’s order classifying CITGO and Conoco as interested parties.
CITGO and Conoco then lodged a direct appeal in this court pursuant to La. Const. art. IV, § 21(E). On our own motion, we ordered appellants to show cause why their appeal should not be dismissed for lack of jurisdiction under La. Const, art. IV, § 21(E). For the reasons that follow, we now vacate the ruling of the district court and dismiss the pending appeal in this court as moot.
La. Const, art. IV, § 21(E), relating to appeals of rulings of the LPSC, provides:
Appeal may be taken in the manner provided by law by any aggrieved party or intervenor to the district court of the domicile of the commission. A right of direct appeal 12from any judgment of the district court shall be allowed to the supreme court. These rights of appeal shall extend to any action by the commission, including but not limited to action taken by the commission or by a public utility under the provisions of Subparagraph (3) of Paragraph (D) of this Section. [Emphasis added]
CITGO and Conoco did not have standing under this provision to appeal the LPSC’s ruling to the district court, because they are not aggrieved parties or intervenors in the LPSC. Louisiana Consumers’ League, Inc. v. Louisiana Pub. Serv. Comm’n, 351 So.2d 128 (La.1977) (“Relegation of the League to the status of an interested party also prevented it from appealing a decision of the Commission, as a right of appeal extends only to an ‘aggrieved party or intervenor’ in the proceeding under La. Const, art. 4, § 21(E).”) Because the district court did not have jurisdiction over this matter, it follows there is no right of appeal to this court.[1]
*278 In sum, we conclude that, under the facts of this case as presently postured, the district court lacked appellate jurisdiction to consider the matter. Accordingly, the appeal before this court must be dismissed as moot.
DECREE
For the reasons assigned, the judgment of the district court is vacated and set aside on the ground that CITGO Petroleum Corporation and Conoco, Inc. are not aggrieved parties or intervenors under La. Const, art. IV, § 21(E), and therefore had |3no right to appeal to the district court. In light of this ruling, the appeal from the judgment of the district court is dismissed as moot.

. Appellants suggest that their appeal to the district court is proper under La. R.S. 45:1192, which is not limited to an "aggrieved party or intervenor” but which instead refers to the broader term “party in interest.” However, that statute cannot confer greater jurisdiction on the court than conferred in La. Const, art. IV, § 21(E). In any event, a close review of La. R.S. 45:1192 indicates it applies only to judicial review of specific acts of the LPSC in relation to its ratemaking power. Because the instant action does not involve a ratemaking order of the LPSC, the statute is not applicable on its *278 face. See, e.g., Standard Oil Co. v. Louisiana Pub. Serv. Comm'n, 154 La. 557, 97 So. 859 (1923).