SUMMERS, Justice.
Police Officer Allan Lee Bowie was suspended from the Department of Police of the City of New Orleans on November 14, 1973 and dismissed on December 7, 1973 for neglect of duty, disobedience of orders and failure to maintain standards of the service. The action was principally based upon a finding that Bowie had possession of marijuana in his apartment and had smoked marijuana in the presence of others.
He appealed this disciplinary action to the Civil Service Commission under rules of City Civil Service, asserting that the suspension was unfair, oppressive, and a violation of regulations of the City Police Department, as well as the Constitutions of the United States and the State of Louisiana. The dismissal, he contends, is based upon unconstitutional grounds and is without legal cause.
At Bowie's request, the matter was assigned by the Civil Service Commission to a hearing examiner pursuant to Article XIV, Section 15(0) (6) of the Louisiana Constitution. The testimony presented at the hearing was transcribed, and all documentary evidence was reviewed by each member of the Civil Service Commission.
Finding that Bowie did not sustain the burden of proof imposed upon him by law, *815 La.Const. Art. XIV j[ 15(N) (1) (a), the Commission dismissed the appeal. Bowie then appealed to the Court of Appeal, Fourth Circuit, assigning thirteen errors in the Commission ruling. He designated the entire record, including the transcript oí all testimony, for incorporation in the record on appeal, and filed an appeal bond in the amount of $100 in favor of the Civil Service Commission as required by Section 4 of Rule 16 of the Uniform Rules of the Court of Appeal.
Bowie has objected to payment of $1.55 per page, or $234.90, a charge made by the Department of Civil Service for copying 158 pages, that portion of the record consisting of the transcript of testimony. This is the sum paid by the Commission to the reporter who recorded and transcribed the testimony heard before the Hearing Examiner. By its own rules, the Commission passes this expense along to the litigant who pursues further appellate action from the Commission’s ruling. The pertinent Commission rule, Section 6.1, prescribes:
“On appeals from the Civil Service Commission, the Uniform Rules of the Court of Appeal, Fourth Circuit, shall generally apply. The application for appeal, assignment of errors, bond or other required documents, including, without limitation thereto, a written designation, if any, of the portions of the record to be transcribed, shall be submitted to the Director of Personnel of the Civil Service Department in triplicate with a copy thereof being furnished each opposing party and the official reporter. The cost of the record as prepared by the Civil Service Department, exclusive of the transcript of testimony, shall be a minimum of $25.00. In addition thereto, there shall be a reasonable charge per page for any reproduction necessary. The costs shall be made payable to the Director of Personnel of the Department of Civil Service and must be received at least three days before the return date. The party requiring the transcript of testimony or any part thereof shall, at his own expense, arrange for this with the official Civil Service Commission reporter and payment made to the reporter within sixty (60) days of filing the application for appeal, unless such time is extended by the Commission.”
When confronted with this charge of $234.90, Bowie filed a motion before the Commission to rescind the rule requiring him to pay for copying that portion of the record consisting of the transcript of testimony taken before the Hearing Examiner. He alleges that the rule is unconstitutional, violative of the Rules of the Supreme Court of Louisiana and of the Uniform Rules of the Courts of Appeal of Louisiana, and, as such, deprives him of his property without due process of law.
The Commission found no compelling reason to rescind its rule. It was of the opinion that the city fisc should not subsidize Bowie’s appeal. Its opinion referred to the practice before the Commission which does not require that testimony be transcribed when a hearing is held before the Commission, for, in that case, the Commissioners hear the testimony in person. If a transcript is required for an appeal from a ruling as a result of a hearing held before the Commission, the appellant must bear the cost of the transcript in full. However, when a hearing is held before a Hearing Examiner, the testimony is transcribed on order of the Commission at its expense. This transcribed testimony and the other evidence introduced at the hearing are then reviewed by the Commissioners and form the basis for their ruling. Should an appeal from the Commission ruling require the transcribed testimony, it is the Commission’s practice to require appellant to reimburse it for the cost of the transcribed testimony or to obtain a transcript from the official reporter as required by the rule.
The Commission was of the opinion that if it were to rescind the charge for the *816 transcript of the testimony before the Hearing Examiner, then, assuredly all litigants would request a hearing before the Hearing Examiner because of the obvious saving involved in such a choice in the event of an appeal.
Rescinding the rule would have the further effect of encouraging the more time-consuming procedure involved in a hearing before the Examiner. To require those appealing from hearings before the Commissioner to pay for the transcribed testimony, and not to • require the same of those appealing from hearings before an examiner, would result in an inequitable, discriminatory practice the Commission would not approve.
For these reasons, the Commission was of the opinion the cost of the transcribed testimony heard by the Examiner must be paid by appellant, despite the fact that the Commission had already paid the reporter. This was, in its opinion, in keeping with the practice when appeals were taken from hearings before the Commission itself.
When the Commission denied the motion to rescind the rule, Bowie applied to the Court of Appeal, Fourth Circuit, for writs of review. The Court of Appeal granted review but found that no constitutional violation of Bowie’s rights resulted from the application of the Commission’s rule. In the reasons assigned for denying the writ application, the Fourth Circuit concluded :
“Had the Commission’s complained of rule made a requirement more onerous (either procedurally or financially) than that which is spelled out in Section 6.1, we would hold otherwise. But here the applicant is being charged at the same rate that he would have been obliged to pay to complete the record if the original testimony had been taken before the en banc Commission instead of before a Hearing Examiner. He is simply paying it to the Commission who has already paid the reporter.”
Certiorari was granted in this Court, 310 So.2d 848, to resolve two issues presented by Bowie’s application for writs: 1) Can the Civil Service Commission tax the costs of recording and transcribing the testimony taken before the Hearing Examiner, and upon which it based its decision, to the employee-appellant (Bowie); and 2) can the Commission charge an amount in excess of that allowed by Rule 1, Section 10 of the Uniform Rules for Courts of Appeal for the preparation of the record on appeal.
I.
In asserting that the Commission does not have the right to tax him for the costs of recording and transcribing the testimony taken before the Hearing Examiner when preparing the record for appeal to the Fourth Circuit, Bowie contends the action is contrary to Article XIV, Section 15(0)(8) of the Louisiana Constitution of 1921 which provides:
“Costs. The appropriate Commission may, in its discretion, order the costs of any hearing on appeal, or any portion of such costs, including the cost of recording and transcribing testimony, to be paid by or charged to the department or organization unit against whose action the appeal is taken or hearing granted.”
In effect, Bowie’s contention is that Article XIV, Section 15(0)(6) of the Constitution requires that
“If a referee is appointed ... he . . . shall cause a true transcript of the testimony to be recorded. Such transcript, together with any documentary evidence that may be introduced, shall be submitted to the Commission, which shall render its opinion on the basis of such evidence, and its opinion as thus rendered shall be final.”
Bowie argues that these charges for a transcript are charges imposed by law on the Commission, and the Commission may *817 not impose them upon parties appealing from Commission rulings. The only other authority the Commission has, according to Bowie, is to order the-costs of any hearing or appeal, or any portion of such costs, including the cost of recording and transcribing testimony, “to be paid by or charged to the department or organization unit against whose action the appeal is taken or hearing granted,” as prescribed by Article XIV, Section 15(0) (8) of the Constitution.
In support of this contention, Bowie relies upon the elementary legal principle that in the interpretation and construction of constitutional and statutory provisions where a grant of power is made and the mode of its exercise is set forth, such a mode is exclusive of all others. Ladnier v. Moliere, 230 La. 784, 89 So.2d 301 (1956); 1 Cooley, Constitutional Limitations, p. 176 (8th ed.1927).
The principle relied upon to sustain Bowie’s argument is inapplicable here. The language of Section 15(0) (8) is permissive by its terms. It is neither exclusive of any other method of assessing costs, nor is it mandatory in meaning. For these reasons the Commission is free to otherwise regulate assessment of costs.
As we read the Section it is an authorization to the Commission, in its discretion, to impose costs on agencies from which cases emanate when these cases unduly tax the Commission budget. Further, imposition of costs against the- agency from which the appeal is taken has the effect of deterring the agency from abuses of its discretionary authority, or from imposing disciplinary sanctions without justification under the law or facts. According to the Commission, “the obvious intent of such authority (Section 15[0][8]) was to act as a restraint on an Appointing Authority so as to discourage capricious disciplinary action against an employee.”
In its context this section is an authorization to impose costs on an agency from which appeals are taken to the Commission; appeals from the Commission to the courts of appeal are not contemplated by • this Section.
II.
Finding that Section 15(0)(8) does not limit the Commission to the assessment of the costs of this transcript to the agency from which the appeal came, it is now necessary to determine whether the assessment of the transcript of testimony costs against Bowie offends Rule 1, Section 10, of the Uniform Rules of Courts of Appeal. The Rule provides:
“In addition . to the filing fee of twenty-five dollars ($25) due the clerk of this court as prescribed by La.R.S. 13:352(1), and in amplification of the provisions of La.R.S. 13:4445, it is -recommended, pending fixation of fees by the Legislature, that the clerk of the court from which the appeal originates make the following charges in the instance of each appeal:
(a) For preparing' the first volume, both original and duplicate, including the typing and all minutes, indexing, paginating, furnishing covers, etc., not more than twenty-five dollars ($25) ;
(b) For so preparing the second volume, not more than ten dollars ($10);
(c) For so preparing each subsequent volume, not more than five dollars ($5) and
(d) For transporting the prepared record of appeal to • the appellate court, actual cost.”
Despite the fact that he relies upon the rules of the Courts of Appeal, Bowie suggests in brief to this Court that the Constitution explicitly provides that appeals from decisions of the Civil Service Commission “ . . . shall be granted to *818 the Supreme Court of Louisiana”. La. Const. Art. XIV, ¶ 15(0) (1) (1921)[1] Therefore, only the Supreme Court can entertain this appeal, inferring that the Court of Appeal’s adjudication was improper. The suggestion is without merit. As the brief also points out, Article VII, Section 10, of the Constitution was amended on November 4, 1958 and became effective July 1, 1960 (Act 561 of 1958). By this amendment the appellate jurisdiction of the Supreme Court was limited in some respects, one being that appeals formerly permitted from the Civil Service Commission were eliminated. Though not explicitly, this amendment also amended Section 15(0) (1) by implication, so that after the effective date of the amendment to Article VII, Section 10, Section 15(0) (1) should be read to confer appellate jurisdiction on the Courts of Appeal in lieu of the Supreme Court, the Courts of Appeal being the only other appellate court in which the constitutional right to appeal from decisions of the Civil Service Commission can be properly exercised. La.Const. Art. VII, ¶29 (1921). See Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970). We reaffirm the proposition that appellate jurisdiction in these Civil Service cases is in. the Courts of Appeal.
Bowie suggests also that, even if the amendment confers appellate jurisdiction on the Courts of Appeal and not the Supreme Court in these cases, the Supreme Court has not been divested of authority to promulgate rules for Civil Service appeals. He contends the authority is conferred in the Constitution, Section 15(0) (1), in these words: “The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.” In our opinion the argument is not .well taken; the constitutional transfer of appellate jurisdiction from the Supreme Court to the Courts of Appeal carried with it the concomitant right to promulgate rules for those appeals.
Undoubtedly, in order to implement the constitutional change, by their Rule XVI, amended in 1973, the Courts of Appeal established requirements for appeals from final decisions of the Civil Service Commission, and ordained thereby that all other rules and laws regulating appeals, not inconsistent with Rule XVI, shall be applicable to appeals taken under Article XIV, Section 15, of the Constitution. Therefore, the rules promulgated by the Courts of Appeal which are relevant and pertinent to Civil Service appeals are the rules which are applicable here.
With this understanding, we return to a consideration of the contention that Section 6.1 of the Civil Service Commission rules, assessing the costs of transcribing the testimony against the appellant, violates Rule 1, Section 10 of the Uniform Rules of the Courts of Appeal by imposing charges which the Uniform Rules do not authorize.
The transcript of oral testimony is clearly a part of the record to be prepared for the appeal. Uniform Rules— Courts of Appeal, Rule 1, †[ 3(h). But we do not understand that Rule I, Section 10, quoted above, governs the payment of the costs of transcribing the oral testimony. This is a matter which properly pertains to the power and authority vested in the Civil Service Commission charged with regulating the hearing in the first instance. It is *819 then that the testimony is recorded and the evidence received which constitutes the record. It could not be said, for instance, that the Courts of Appeal could promulgate rules for the conduct of these hearings. The authority and power of the Courts of Appeal in the matter is limited to promulgating “rules of procedure to be followed in the taking and lodging of such appeals.” La.Const. Art. XIV, ¶[ IS. As a matter of fact, this is all the rules of the Courts of Appeal purport to do. No authority is found which would permit Courts of Appeal to prescribe rules for hearings before the Commission, and the Courts of Appeal do not purport to exercise such authority.
Because the rules of the Courts of Appeal can only regulate procedure for “taking and lodging such appeals” it cannot be said that their rules may prescribe the initial costs incurred in connection with hearings before the Civil Service Commission or before an Examiner appointed by the Commission. The Commission is empowered by the Constitution and vested with “the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases” in the first instance. La.Const. Art. XIV, ¶15(0)(1).
As a necessary and auxiliary right to this authority the Commission has the right to promulgate rules for the conduct and regulation of these hearings. Included in this right is the right to regulate the assessment of costs when not otherwise regulated by the Constitution or Acts of the Legislature. This right is recognized and implemented in part by Section 15(0) (8) authorizing the Commission, in its discretion, to “order the costs of any hearing or appeal, or any portion of such costs, including the cost of recording and transcribing testimony, to be paid by or charged to the department or organization unit against whose action the appeal is taken or hearing granted.” Because other matters involving the assessment of costs are not regulated by the Constitution or statute, further regulation is dependent upon such rules as the Commission has prescribed.
From the foregoing it is necessary to conclude that the Commission’s Section 6.1 rule does not violate Rule I, Section 10 of the Uniform Rules of the Courts of Appeal.
Nothing in the Commission Section 6.1 rule regulating the practice of assessing costs for transcribing the testimony against Bowie on his appeal to the Fourth Circuit is unfair or discriminatory as he contends. To the contrary, to accede to Bowie’s contention and not assess these costs when an appeal is taken from a commission ruling based upon a hearing before an Examiner, on one hand, and to assess these costs against a party appealing from a hearing held before the Commission, on the other hand, would bring about an unfair and unacceptable discriminatory practice.
Nor is this assessment of cost for transcribing testimony unduly burdensome to the appellant. The practice is nothing more than the requirement imposed in most appeals from state or federal trial courts and administrative tribunals: appellants are required, in most instances, to either advance costs or to furnish a bond for costs as a condition to the right of appeal. Charging the unsuccessful litigant with costs also acts to minimize frivolous or unfounded litigation and serves as a deterrent to calling unnecessary witnesses who prolong the hearings and add to the expense of these adjudications.
For the reasons assigned, the ruling of the Commission and the judgment of the Court of Appeal are affirmed.
DIXON and CALOGERO, JJ., dissented.

. “(0)(1). Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right'to hear and decide all appeals and the legality of all removal and disciplinary eases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.”