ON SHOW CAUSE ORDER
BLANCHE, Judge.
Plaintiff’s suit to reverse a suspension of his driver’s license by the Department of Public Safety was submitted to the trial court on a joint stipulation of facts. The matter was taken under advisement by the trial judge. Subsequently, his suit was dismissed by a judgment signed and filed on October 2, 1975. Since the matter had been taken under advisement, the plaintiff was entitled to notice of the signing of his judgment, and a certificate by the Clerk of Court reveals that the judgment was mailed to counsel for plaintiff and defendant on the same day. There was no application for a new trial, and on December 15, 1975, the trial court granted plaintiff a devolutive appeal. The appeal bond was ultimately filed on January 20, 1976.
We dismiss the appeal, on our own motion, for lack of jurisdiction for the reason that the appeal bond was not timely filed.
The Court of Appeal on its own motion is required to notice its lack of jurisdiction. LSA-C.C.P. Art. 2162, Uniform Rules of the Courts of Appeal, Rule VII, Section 5(c). An appeal is perfected on the timely posting of the appeal bond. LSA-C.C.P. Art. 2088. The delay for perfecting a devolutive appeal by the posting of an appeal bond, in accordance with the foregoing provisions and under the foregoing circumstances, is ninety days from the expiration of the delay for applying for a new trial, if no application has been timely filed. LSA-C.C.P. Art. 2087. Seven judicial days from the day after the signing of the judgment are allowed for timely application for a new trial. LSA-C.C.P. Art. 1974.
Since plaintiff did not timely apply for a new trial, the ninety-day period after the expiration of the delay for applying for a new trial expired on January 12, 1976. Thus, the appeal bond, having been filed on January 20, 1976, was eight days late.
For the above reasons, the appeal is dismissed, at the cost of plaintiff-appellant.
APPEAL DISMISSED.