416 So.2d 94 (1982)
Melvin SMITH
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Office of Charity Hospital of Louisiana at New Orleans.
Nos. 81-C-3266, 81-C-3283.
Supreme Court of Louisiana.
June 21, 1982.
*95 Laura Denson Holmes, Dept. of State Civil Service, Baton Rouge, for applicant in No. 82-C-3266.
Louis L. Robein, Jr., Barker, Boudreaux, Lamy, Gardner & Foley, Philip H. Kennedy, La. Dept. of Health & Human Resources, New Orleans, Laura Denson Holmes, Baton Rouge, for respondent.
Philip H. Kennedy, La. Dept. of Health and Human Resources, New Orleans, for applicant, in No. 82-C-3283.
MARCUS, Justice.
Melvin Smith was employed by the Department of Health and Human Resources (DHHR) as a Police Officer I (probationary status) at Charity Hospital in New Orleans. He was suspended because of his involvement in a shooting incident and his alleged failure to cooperate with the police. His special officers commission issued by the police department was confiscated and revoked. Smith filed an appeal with the State Civil Service Commission, challenging the basis for his suspension. Subsequently, he was advised that he was being separated from his appointment as Police Officer I. Thereafter, DHHR filed a motion for summary disposition of the appeal. Following a hearing limited to a consideration of the motion for summary disposition, the Commission set aside and reversed the suspension for non-compliance with Civil Service Rules but affirmed the dismissal. The decision of the Commission was filed with the Director on July 6, 1981.[1]
Thirty calendar days later, on August 5, 1981, the Commission received a letter from Smith's attorney which read as follows:
This letter will serve as a formal appeal from the decision of the Commission rendered in this matter on July 6, 1981. Specifically, we wish to appeal that portion of the decision which holds that Charity Hospital of Louisiana at New Orleans complied with all applicable Commission regulations pertaining to the notice of dismissal allegedly rendered to Melvin Smith. It is our contention that the notice of "indefinite suspension" served as the actual notice of dismissal but, as indicated, this notice of dismissal did not comply with the Commission regulations.
Additionally, on August 5, 1981, Smith's attorney mailed a letter to the Commission, postmarked that day, reiterating his assignment of errors, designating the entire record for appeal and enclosing a bond for costs in the sum of $100. The August 5 letter was received by the Commission on August 7, 1981.
Thereafter, the Commission issued a notice of appeal. DHHR filed a motion to dismiss the appeal on the ground that Smith's application for appeal was not timely filed with the Commission within thirty days, as required by La.Const. art. 10, § 12 and Uniform Rules, Courts of Appeal, Rule XVI. The court of appeal denied the motion to dismiss finding that the application for appeal was timely filed since under the Administrative Procedure Act, La.R.S. 49:951 et seq., Smith was entitled to apply for a rehearing within ten days of the Commission's decision.[2] Since the decision of the Commission could not be final until ten days had expired, the court reasoned, Smith in essence had forty days within which to file his appeal. Therefore, his appeal which was received within the forty-day period was considered to be timely. The court in so ruling recognized the inconsistency between *96 the APA and Civil Service Rule 13.33(b) which states: "No hearing shall be granted from a final decision of the Commission" but concluded that the "state law, being of a higher status than the Civil Service rules, controls in this case."[3]
After the judgment was rendered, the court of appeal granted the motion of the Director of the Louisiana Department of State Civil Service to intervene in these proceedings pursuant to La.R.S. 13:3417. Thereafter, DHHR and the Director made separate applications to this court to review the decision of the court of appeal. We granted both applications.[4]
DHHR and the Director both contend that the court of appeal erred in ruling that the appeal was timely based on the premise that the Administrative Procedure Act superseded Civil Service Rule 13.33(b). We agree. La.Const. art. 10, § 10(A) vests the Commission "with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service...." This constitutional grant of rule-making power to the Commission precludes the legislature from enacting a statute which would nullify the Commission's rule prohibiting a hearing from a final decision of the Commission. Accordingly, the rehearing provision of the Administrative Procedure Act is not applicable to decisions of the Commission. Cf. La. Consumers' League, Inc. v. La. Public Service Commission, 351 So.2d 128 (La.1977).
The Director further contends that the application, assignment of errors, designation of record and bond for costs were not filed with the Commission within thirty calendar days after its decision became final as required by Rule XVI of the Uniform Rules of the Courts of Appeal; therefore, the appeal was not timely filed. It is conceded that the Commission had adopted no rules governing the appeal from the Commission to the courts of appeal.
La.Const. art. 10, § 12 provides:
Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
Rule XVI (Appeals from Final Decisions of Civil Service Commissions) of the Uniform RulesCourts of Appeal provides:
Section 1. Every application for an appeal from a final decision of a Civil Service Commission shall be filed with the commission in writing as required by law and shall include an assignment of errors, which shall set out separately and particularly each error asserted and a designation of the portions of the record desired to be incorporated into the transcript....
Section 2. Each appellant shall file with his application for appeal a bond for costs in the sum of $100 in favor of the commission.
Section 3. The commission shall endorse on every application for an appeal the date of its filing and shall fix the return date, which shall not be more than sixty (60) days from the date of filing the application for an appeal.
Section 4. No appeal shall stay execution of the decision of the commission, unless otherwise ordered by the Court of Appeal.
Section 5. All other rules and all laws regulating appeals, not inconsistent with the foregoing, shall be applicable to appeals from such commissions.
We consider that the letter received by the Commission on August 5, 1981, the thirtieth calendar day after the decision of *97 the Commission became final, complied with La.Const. art. 10, § 12 requiring that the application be "filed with the commission within thirty calendar days after its decision becomes final." Hence, Smith timely executed his substantive constitutional right to have the decision of the Commission reviewed by the court of appeal. We do not consider the requirements of Rule XVI, as promulgated by the courts of appeal, to be jurisdictional concommitants to the substantive right of appeal. Rather, we consider them to be procedural in nature and therefore of no moment in determining if an appeal has been taken.[5] By this, we are not implying that a rule could not be promulgated that would impose sanctions, including dismissal of an appeal, for failure to comply with procedural requirements.
However, in the instant case, Smith complied with Rule XVI. Sections 1 and 2 provide that every application for an appeal from a final decision of the Commission shall be filed with the Commission in writing as required by law including an assignment of errors, designation of the record and a bond for costs in the sum of $100. Section 5 provides that all other rules and laws regulating appeals, not inconsistent with the foregoing shall be applicable to appeals from the commissions. Rule VI, section 5 of the Uniform RulesCourts of Appeal provides in pertinent part that: "All motions or other pleadings sent through the mail shall be deemed timely filed if mailed on or before the due date." Smith mailed his assignment of errors, designation of the record and bond for costs on August 5, 1981, the thirtieth day after the decision of the Commission became final. Hence, Smith fully complied with the rules of the court of appeal.
In sum, Smith timely filed his application for an appeal and complied with the rules of the court of appeal. The motion to dismiss the appeal was properly denied.

DECREE
For the reasons assigned, the ruling of the court of appeal denying the motion to dismiss Melvin Smith's appeal is affirmed. The case is remanded to the court of appeal for further proceedings.
NOTES
[1] Civil Service Rule 13.28(a) provides that the decision of the Commission shall be final on the day it is filed with the Director.
[2] La.R.S. 49:959(A) provides in pertinent part:

A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry.
[3] 407 So.2d 498 (La.App. 1st Cir. 1981).
[4] 410 So.2d 1141 (La.1982) (DHHR writ grant); 412 So.2d 76 (La.1982) (Director of the Department of State Civil Service writ grant).
[5] To the extent Calvin v. State Department of Hospitals, 252 So.2d 748 (La.App. 1st Cir. 1971), is inconsistent with this position, it is expressly overruled.