423 So.2d 104 (1982)
Roland ACOSTA
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, SOUTH LOUISIANA MEDICAL CENTER.
No. 82 CA 0262.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Ralph S. Whalen, Jr., Oestreicher & Whalen, New Orleans, for appellant.
Frank H. Perez, Dept. of Health & Human Resources, Baton Rouge, for appellee.
Robert R. Boland, Jr., Dept. of State Civil Service, Baton Rouge, for Allen H. Reynolds, Acting Director, Dept. of State Civil Service.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
Roland Acosta, a former employee of the Department of Health and Human Resources, seeks to have the dismissal of the appeal of his termination by the Department reversed on the ground that he should have had a ten-day period for application for rehearing of the Department's decision before the 30-day period for appeal commenced. His appeal was dismissed by the Civil Service Commission because it had not been filed timely.
This litigation arose out of the appellant's termination from his position as Police Officer I at South Louisiana Medical Center by the Department of Human Resources. He was serving with permanent status when he received a letter dated August 12, 1980, over the signature of Charles H. Olivier, Administrator, advising him that he was being terminated effective August 20, 1980. The notice of appeal was allegedly delivered to the United States Post Office in Houma, Louisiana, on September 11, 1980, by counsel for appellant. This letter was postmarked September 20, 1980, and was filed with the Commission on September 22, 1980; both dates were after the 30-day period for appeal. The Director advised appellant and his attorney that he was declining to docket the appeal because it was untimely.
A letter requesting the Director to reconsider his action was sent on October 12, 1981, by appellant's new attorney. Attached to this letter was an affidavit executed by the secretary of the former attorney which stated that she and the former attorney had personally delivered the notice of appeal to the main post office in Houma, Louisiana, at 5 p.m., on September 11, 1980. In order for the Commission to rule on the issue raised in this letter, the Director ordered the appeal to be docketed.
The appeal was submitted to the Commission on the basis of pleadings and the attachments *105 thereto. In its opinion dated March 12, 1982, the Commission made the following factual findings:
1. Appellant received the letter of removal on August 14, 1980.
2. The notice of appeal dated September 11, 1980, was delivered to the main post office on that date.
3. The notice of appeal was received with the envelope postmarked in New Orleans at 1 p.m. on September 20, 1980, and a Department of State Civil Service mail receipt stamped on September 22, 1980.
The Commission further found that Civil Service Rule 13.12(a) specifies that in order for a notice of appeal to be considered timely, it must either be filed in the Director's office or be dated by the United States Post Office within 30 calendar days of the date appellant received written reasons for the disciplinary action. Under this rule, the Commission held that this appeal was not received timely and the envelope in which this appeal arrived was not dated by the post office within the 30-day period. Mere delivery of the letter to the post office within the appeal period will not suffice to meet the requirements of these rules; therefore, this appeal was not timely.
We affirm the Commission's finding that the appeal was not filed timely. The Civil Service rule is explicit in its requirements, and these were clearly not met in this case as the notice of appeal was not filed with the Commission or postmarked by the post office within 30 days of the notice of dismissal. In the case of David v. Department of Public Safety, 261 So.2d 347, 350 (La.App. 1st Cir.1972), which also held that an appeal was untimely, the Court noted:
After the time for taking an appeal has expired, the appellate court lacks jurisdiction and cannot entertain the appeal.
As in the case of any other appeal, the timely filing of a request for appeal in administrative determinations is jurisdictional. Baloney v. DHHR Office of Family Services, 364 So.2d 203 (La.App. 1st Cir. 1978).
We reject appellant's argument that he should have had a ten-day period in which to apply for rehearing of the decision of the Department before the 30-day period of appeal commenced. The Supreme Court in the recent case of Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982), held that the rehearing provision of the Administrative Procedure Act is not applicable to decisions of the Civil Service Commission. In so holding, the Court stated:
La. Const. art. 10 § 10(A) vests the Commission "with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service ...." This constitutional grant of rule-making power to the Commission precludes the legislature from enacting a statute which would nullify the Commission's rule prohibiting a hearing from a final decision of the Commission. Accordingly, the rehearing provision of the Administrative Procedure Act is not applicable to the decisions of the Commission.
Id. at 96. In Smith, the letter appealing the termination of a police officer was deemed timely when it was received by the Commission on the 30th calendar day after the decision of the Commission became final. In the instant case, however, the letter of appeal was not postmarked nor received within the 30-day appeal period, and therefore, the appeal must be dismissed, as the Civil Service Rules governing appellate procedure were not complied with. Accordingly, for the above reasons, we affirm the Commission's decision, with costs to appellant.
AFFIRMED.