430 So.2d 1153 (1983)
Perry THOMAS
v.
DEPARTMENT OF CORRECTIONS, L.T.I. In Monroe.
No. 82 CA 0542.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Writ Denied June 10, 1983.
*1154 Mary E. Howell, Howell & Bayer, New Orleans, for appellant.
Annette R. Seng, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) which affirmed the action of the Department of Corrections terminating a classified employee.

TIMELINESS OF MOTION TO DISMISS APPEAL
A motion to dismiss this appeal on the ground that it was not timely was filed with this court on February 10, 1983. On February 11, 1983, this court heard oral argument by counsel for the employee and the case was submitted for a decision.[1] On February 16, 1983, the employee filed an opposition to the motion to dismiss the appeal on the ground that it was untimely.
An application for an appeal to this court must be timely filed for this court to have appellate jurisdiction over the case. La.C.C.P. art. 2088; Guilliot v. City of Kenner, 326 So.2d 359 (La.1976); Vitrano v. *1155 Vitrano, 353 So.2d 398 (La.App. 4th Cir. 1977), writ not considered 354 So.2d 1046 (La.1978). If the time fixed by law for appealing has elapsed, the ruling in question becomes final and is res judicata. La. C.C. arts. 3556(31) and 2286. As in the case of any other appeals, the timely filing of a request for appeal in administrative determinations is jurisdictional. Acosta v. Department of Health and Human Resources, South Louisiana Medical Center, 423 So.2d 104 (La.App. 1st Cir.1982); Baloney v. DHHR, Office of Family Services, 364 So.2d 203 (La.App. 1st Cir.1978). An appellate court can dismiss an appeal at anytime for lack of jurisdiction. La.C.C.P. art. 2162; Anderson v. City of Baton Rouge, 381 So.2d 842 (La.App. 1st Cir.1980); Booker v. Waguespack, 331 So.2d 110 (La.App. 1st Cir. 1976); cf. Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626 (La.1974).
The motion to dismiss the appeal was timely filed.

TIMELINESS OF APPEAL
The following dates are pertinent for deciding this motion to dismiss:
(1) April 23, 1982the decision of the Commission became final;[2]
(2) May 22,1982the employee's application for appeal is postmarked by the U.S. Postal Service;
(3) May 24,1982the employee's application for appeal is received and stamped by the Commission.
At the time that this appeal was taken,[3] Article X, § 12, of the Louisiana Constitution of 1974 provided, in pertinent part, as follows:
"... The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final." (Emphasis added).
The history of a constitutional provision and the record of the debates on it at the constitutional convention may be valuable aids in determining the purpose, intent and meaning of the provision. New Orleans Firefighters Association v. Civil Service Commission of City of New Orleans, 422 So.2d 402, 407 (La.1982). Article XIV, § 15(O)(1), of the Louisiana Constitution of 1921 provided, in pertinent part, as follows:
"... The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals." (Emphasis added).
Effective July 1, 1960, the appellate jurisdiction and rulemaking powers affecting appeals from the Commission were transferred from the Louisiana Supreme Court to the Courts of Appeal. Act 561 of 1958; Bowie v. Department of Police, 324 So.2d 813 (La.1975). At the Louisiana Constitutional Convention of 1973, Committee Proposal No. 9 submitted by the Committee on Education and Welfare making provision for State and City Civil Service in § 1(K) provided for appeals from the Commission to the Court of Appeal, as follows:
"... The rulings of the commission are subject to review in the court of appeal wherein each commission is located." *1156 Vol. II, Records of the Louisiana Constitutional Convention of 1973: Journal and Calendar, p. 913, December 6, 1973. This language was changed by a floor amendment to read as follows:
"... The decision of a commission shall be final on the facts, but shall be subject to review on any question of law upon appeal to the court of appeal wherein such commission is located, upon application filed with such commission within thirty calendar days after its decision becomes final."
Vol. II, Records of the Louisiana Constitutional Convention of 1973; Journal and Calendar, p. 924, December 7, 1973, and p. 928, December 8, 1973. This amended proposal was itself amended to provide that the appellate review by the Court of Appeal would be on the facts as well as the law. Vol. II, p. 949, December 12, 1973. There were no other amendments to this provision and a review of the convention transcripts indicates that the meaning of the language applicable in this case was not discussed. Vol. II, Records of the Louisiana Constitutional Convention of 1973; Journal and Calendar, pp. 923-963, December 7, 11, 12 and 13, 1973; Vol. IX, Records of the Louisiana Constitutional Convention of 1973; Convention Transcripts, pp. 2633-2768, December 7, 8, 11, 12 and 13, 1973.[4]
To determine if this appeal is timely, we must determine the meaning of the phrase "filed with the commission within thirty calendar days". Constitutional provisions are interpreted by the same rules as are other laws. Barnett v. Develle, 289 So.2d 129 (La.1974). The words of a law are to be understood according to the common and approved usage of the language. La.R.S. 1:3; La.C.C. art. 14; State v. Brady, 310 So.2d 593 (La.1975). When a constitutional provision is clear and unambiguous, its language must be given effect. La.R.S. 1:4; La.C.C. art. 13; Bank of New Orleans and Trust Company v. Seavey, 383 So.2d 354 (La.1980).
In Reilly-Benton Company, Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24, 28 (La.1973), the phrase "filed with the Company" was defined as follows:
"Plaintiff contends that `filed' can and does include depositing in the mail.
"There is no ambiguity in the words `reported' and `filed' as used in the monthly reporting policy. The obvious and simple meanings found in Webster's New International Dictionary, Second-Edition, should suffice. `Report' or `reported' there is defined as `to give notification of.' File means `to deliver to the proper officer so that it is received by him to be kept on file among the records of his office.' Supporting this common sense definition of `file' is the case of McGee v. So. Farm Bureau Casualty Ins. Co., 125 So.2d 787 (La.App. 3rd Cir.1960), which declared that `filed' means delivered into actual custody. See also State ex rel. Denny v. Members of Caddo Parish, etc., 201 La. 483, 9 So.2d 657 (1942). The obvious import of the words `reported' or `filed' is that the intended recipient of the document to be `filed' or `reported' actually receive the document. One does not report until the recipient receives `notification' of the report; one has not filed until the recipient has received custody of the document.
"Thus, we conclude that the words `reported' and `filed' mean transmitted to, and delivered unto, the insurer, both by simple definition and in the necessary context in which such words are used in this `monthly reporting policy.' Depositing in the mail prior to the loss does not constitute reporting to. or filing with the insured prior to the loss. Consequently, defendant properly used the February report, and there being an undervaluation of merchandise in this report, properly imposed the penalty provision of Paragraph III C." (Underscoring added).
In Lambert v. Kelley, 270 So.2d 532, 534-535 (La.1972), the evidence showed that a *1157 motion for a new trial was deposited with the clerk of court on February 10,1970, but was not marked filed until February 11, 1970. The court determined that the act of depositing the document with the clerk of court is the filing and defined that term as follows:
"... the delivery of a document to the proper office to be kept on file, placing a paper in the proper official's custody by the party charged with such duty, presenting a paper at the proper office and leaving it there, and bringing the paper and depositing it with the officer for keeping."
In Box v. Athena, Inc., 312 So.2d 176, 178 (La.App. 1st Cir.1975), this court interpreted the phrase "filed in this court", as follows:
"... The depositing of an application for a writ in the mail does not constitute a filing `in this court' as provided for by our Rule XII, Section 2, supra. The words `filed in this court' are easily understood words and it would be a strange construction of those simple words to suppose that a filing in this court is constituted when the instrument is deposited in the United States mail. Elsewhere our rules do provide that in the case when briefs (Rule IX, Section 9) or applications for rehearing (Rule XI, Section 2) are sent through the mail, the filing shall be timely when the postmark shows that the document was marked on or before the due date. We see no reason why a different rule should obtain for the filing of writs, but the simple fact remains that the rule does not so provide. Thus, if Relator chooses the mail as a means of transmitting its application for writs to this court, the duty was on Relator to insure that the same was deposited in the mail in order that it would reach the court for filing on or before the due date."
The phrase "filed with the commission" contained in Article X, § 12 is clear and unambiguous and in its usual sense means that the application for appeal must be actually deposited with the Commission. The posting of the application with the United States Postal Service does not constitute a filing with the Commission.
The preposition "within" means anytime before, not beyond, not exceeding or not later than. State v. Gehlbach, 205 La. 340, 17 So.2d 349 (1943); 86 C.J.S. Time § 13(7), pp. 858-860 (1954); Black's Law Dictionary, 1437 (5th ed. 1979). A calendar day is the twenty-four hour period extending from midnight to midnight and reckoned according to the course of the calendar. 86 C.J.S. Time § 12, pp. 845 and 846 (1954); Black's Law Dictionary, 357 and 184 (5th ed. 1979). A "calendar day" is not a "working day". New Orleans Firefighters Association Local 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972). The phrase "within thirty calendar days" is clear and unambiguous and in its usual sense means not later than midnight of the thirtieth twenty-four hour period reckoned by the calendar after the period commences.
In the instant case, the thirtieth calendar day was May 23, 1982. To be timely, in accordance with the constitutional provision, the application for appeal should have been filed not later than midnight on that date. Since the application for appeal was not actually received and deposited with the Commission until May 24, 1982, the application was not timely, the decision of the Commission became final, and this court does not have appellate jurisdiction to hear this appeal.
This court takes judicial notice of the fact that May 23, 1982, was a Sunday. Chambers v. Russell, 152 So.2d 349 (La.App. 1st Cir.1963). Sunday is a legal holiday. La. R.S. 1:55(A)(1). In computing a time period prescribed "by law", La.C.C.P. art. 5059 provides that the "last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday." However, this statutory provision cannot affect the constitutional provision which requires that the application for the appeal from the Commission to this court must be filed "within thirty calendar days". The change in language from the 1921 Constitution *1158 to the present one is significant and precludes the application of Article 5059.[5]
At the time that this appeal was taken,[6] Rule XVI of the Uniform RulesCourts of Appeal applied to appeals from final decisions of the Commission.[7] Rule XVI provided that all other court of appeal rules not inconsistent with that rule are applicable to appeals from the Commission. Rule VI, Section 5 of the Uniform RulesCourts of Appeal at that time provided that motions or other pleadings sent through the mail shall be deemed timely filed if mailed on or before the due date.[8] The application for appeal in the instant case is postmarked May 22, 1982, the twenty-ninth calendar day after the Commission's decision became final. However, the constitutional provision requires that the application for appeal must be actually deposited "with the commission", and does not provide for filing by mail. Our court rule cannot affect the clear and unambiguous language of the constitutional provision, and is not applicable.
The employee and the appellees contend that the case of Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982) supports their respective positions. We do not perceive it as such. In Smith, the employee mailed his application for an appeal from the Commission to this court on the thirtieth calendar day after the decision of the Commission became final. The Commission received the letter containing the application for the appeal on the same day. The court held that receiving this letter on the thirtieth calendar day complied with the requirements of Article X, § 12 of the Constitution. Also, on the thirtieth calendar day, the employee sent a second letter to the Commission stating his assignments of error, designating the record and enclosing the appeal bond. This letter was not received by the Commission until the thirty-second calendar day. The court held that filing the assignment of error, the designation of the record and the appeal bond were not "jurisdictional concomitants to the substantive right of appeal", as required by our Rule XVI. The court then found that since these procedural requirements were postmarked on the thirtieth calendar day, that pursuant to our Rule VI, Section 5, they were timely even though not received until the thirty-second calendar day.

RETROACTIVE EFFECT OF SMITH CASE
In Smith cited above, the Louisiana Supreme Court ruled that the rehearing provision of the Administrative Procedure Act was not applicable to decisions of the Commission, and reversed our holding to the contrary. Smith, 416 So.2d at 96; Smith v. Department of Health and Human Resources, 407 So.2d 498 (La.App. 1st Cir. 1981). The employee contends that since the Supreme Court decision in Smith was rendered on June 21, 1982, after the application for appeal was filed in the instant case, that our ruling in Smith of November 23, 1981, was controlling and that the ten day period for a rehearing provided for by the Administrative Procedure Act (La.R.S. 49:951 et seq.) was applicable to extend the thirty day period to a forty day period. Because the Louisiana Supreme Court granted writs in the Smith case on February 5,1982, and February 8, 1982, our judgment *1159 was not a final judgment and thus could not be controlling. Smith v. Department of Health and Human Resources, 410 So.2d 1141 (La.1982) and 412 So.2d 76 (La. 1982). The Louisiana Constitution of 1974 became effective at 12:00 midnight on December 31,1974, and Article X, § 12 thereof was the controlling law at the time that this appeal was taken. La. Const. of 1974, art. XIV, §§ 35 and 36. This contention is without merit.

CONCLUSION
For the foregoing reasons, the appeal is dismissed at appellant's costs.
APPEAL DISMISSED.
NOTES
[1] The appellees waived oral argument and made no appearance.
[2] Under Rule 13:28(a) of the Commission, the decision becomes final on the day it is filed with the Director. Harper v. Housing Authority of Monroe, 412 So.2d 1157, 1158 (La.App. 1st Cir.1982).
[3] Article X, § 12, of the Louisiana Constitution of 1974 was amended by Act 883 of 1982, and approved by the people on September 11, 1982, and became effective October 15, 1982. § 12(A) of the amendment now provides, in pertinent part, as follows: "... The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final...."
[4] Stylistic changes were made by the Committee on Style and Drafting in the final version of the proposal. Vol. II, Records of the Louisiana Constitutional Convention of 1973; Journal and Calendar, pp. 1389-1391, January 19, 1974.
[5] The phrase "if application to the Commission is made" was changed to "upon application filed with the commission" and the adjective "calendar" was added to further define the thirty day period. The specific grant of rulemaking power was deleted.
[6] Effective July 1, 1982, appeals from the Civil Service Commission were covered by Rule 3 of the Uniform RulesCourts of Appeal.
[7] Chapter 13 of the Commission's Rules applies to appeals from the agency action to the Commission. Rule 13.12(a) provides that appeals may be properly filed by posting them with the United States Post Office. The Commission has no rules governing the appeal from the Commission to the Court of Appeal. Smith v. Department of Health and Human Resources, 416 So.2d 94, 96 (La.1982).
[8] The subject matter of this Rule is now covered by Rule 2-13 of the Uniform RulesCourts of Appeal.