431 So.2d 447 (1983)
Cheryl E. JOHNSON
v.
LOUISIANA STATE UNIVERSITY.
No. 83 CM 0155.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.[*]
*448 Stanley K. Hurder, Baton Rouge, for plaintiff-appellant.
William A. Norfolk, Baton Rouge, for defendant-appellee.
Laura Denson Holmes, Baton Rouge, for Civil Service.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
This writ application involves the motion of appellee, Department of State Civil Service, to dismiss the appeal filed by the appellant, Cheryl Johnson, on the grounds that the appeal of a final decision of the State Civil Service Commission was not filed within the delays specified in Article X, Section 12 of the Louisiana Constitution of 1974, which states, in pertinent part:
The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
The final opinion was originally filed on November 12, 1982, but an error was discovered in the original opinion, so a corrected opinion was filed on December 3, 1982. The thirtieth day after the Commission's decision was final was January 2, 1983. Counsel for appellant mailed the application for appeal on December 30, 1982, but the application was not marked as being received until 9:30 A.M., January 3, 1983. The Department of Civil Service was closed for the New Year's holiday from Friday, December 31, 1982 through Sunday 2, 1983.
One issue herein concerns whether or not the term "calendar days" allows extra days for filing when the last day falls on a legal holiday. We have considered this issue in several recent cases and have determined that "calendar days" does not allow extra time for filing. Acosta v. Dept. of Health & Human Resources, 423 So.2d 104 (La.App. 1st Cir.1982); Thomas v. Department of Corrections, et al., 430 So.2d 1153 (1983); Duhe v. Department of Revenue and Taxation, 82 CM 0116, March 14, 1983. Thus, it is clear that the appeal herein must have been filed on or before January 2, 1983.
What we must now consider is what constitutes a "filing." Article X, Section 12 of the Constitution provides an appeal from a final decision of the Commission is effective when it is "filed." In Harper v. Housing Authority of Monroe, 412 So.2d 1157 (La. App. 1st Cir.1982), we held that the appeal must actually be received by the Commission within the appropriate delay. In Thomas v. Dept. of Corrections, supra, we ruled that the posting of the application with the United States Postal Service does not constitute a filing with the Commission.
We feel that the phrase "filed with the commission" as contemplated by Article X, Section 12, means that the appeal must actually be deposited with the Commission during the allowable time period. In this case it was not. Therefore, the appeal was untimely filed.
Accordingly, the motion to dismiss appellant Cheryl E. Johnson's appeal is granted. All costs are to be borne by appellant.
MOTION GRANTED.
NOTES
[*] Savoie, J. would grant a rehearing.