EDWARDS, Judge.
Appellee, Department of Transportation and Development, filed a motion to dismiss this appeal by appellant, Nathan W. Poole, on the grounds that the appeal of a final decision of the State Civil Service Commission was not filed within the delays in Article X, Section 12(A) of the Louisiana Constitution of 1974, which states, in pertinent part:
“The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely *660 filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for re-, view is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.” (Emphasis added.)
The record reveals that the decision of the referee of the Civil Service Commission was rendered on May 20, 1983. Appellant did not file an application for review of the referee’s decision, thus that ruling became the final decision of the commission as of May 20, 1983. However, appellant did mail on June 20, 1983, an application for appeal to the commission which was received on June 21,1983. Receipt, not posting, constitutes a filing with the commission for appeal purposes. Johnson v. Louisiana State University, 431 So.2d 447 (La.App. 1st Cir.1983).
Unfortunately, the last day for the timely filing of the application for appeal was June 19, 1983, thirty “calendar days” after the commission’s final decision of May 20, 1983. Johnson v. Louisiana State University, supra.
Accordingly, the motion to dismiss the appeal is granted at appellant’s cost.
MOTION GRANTED.