439 So.2d 657 (1983)
Johnny GUILLORY
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, DIVISION OF MAINTENANCE AND FIELD OPERATION.
No. 83 CA 0528.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Granted December 9, 1983.
Patrick W. Pendley, Plaquemine, for appellant.
A.J. Bonfanti, Dept. of Transp. and Development, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of Civil Service, Baton Rouge, for Herbert L. Sumrall Director, Dept. of State Civil Service.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Appellee, the Louisiana Department of Transportation and Development, moved to dismiss this appeal from a decision of the State Civil Service Commission by appellant, Johnny Guillory, on the ground that it was not timely. This Court issued a show cause order which brings this matter before us today.
*658 La. Const. (1974), Art. 10, Section 12(A) provides that the decision of a State Civil Service Commission referee is subject to review by the Commission if an application for review is filed within fifteen calendar days after the decision is rendered. If no such application is timely filed, the decision of the referee becomes the final decision of the Commission as of the date the decision was rendered by the referee. Additionally, once the decision of the referee becomes the final decision of the Commission, it is subject to review upon appeal to the Court of Appeal wherein the Commission is located. In order for this appeal to be timely however, an application must be filed with the Commission within thirty calendar days after its decision becomes final.
The decision of the referee in this case was filed on December 17, 1982, and since no application for review by the Commission was filed within the fifteen day delay period, this also became the date of the final decision of the Commission. Appellant therefore had thirty calendar days thereafter, or until January 16, 1983, to perfect an appeal. The application for appeal was received in the office of the State Civil Service Commission and stamped "filed" on January 17, 1983. It is appellant's contention that the application was mailed on January 13, 1983, and placed in the Commission's post office box on January 15, 1983.
The thirtieth calendar day following the commission's final decision was January 16, 1983, which fell on a Sunday. Sunday is a legal holiday. LSA R.S. 1:55(A)(1). However, it is clear that the term "calendar days" does not allow extra days for filing of an appeal when the last date falls on a legal holiday. Duhe v. Department of Revenue and Taxation, 432 So.2d 280 (La.App. 1st Cir.1983); Johnson v. Louisiana State University, 431 So.2d 447 (La.App. 1st Cir. 1983); Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.1983). The mailing of an application for appeal does not constitute filing of it since the term "filed with the commission" requires actual receipt by the Commission. Johnson v. Louisiana State University, supra; Thomas v. Department of Corrections, supra.
Appellant argues that this application was received by or placed into the custody of the Commission when it was placed in the post office box leased by the Commission. First, even if this argument were accepted, there is no proof herein of the date on which this occurred. Second, it is clear that the term "filed" contemplates placing an item into the custody of a proper officer and not merely depositing it at a physical location. See Reilly-Benton Company, Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24, 28 (La.1973); Lambert v. Kelley, 270 So.2d 532, 534-535 (La. 1972).
In the instant case, appellant's application for appeal was not actually received and filed by the proper officers in the Commission's office until January 17, 1983, which was not within the allowable time period.
In the alternative, appellant argues against dismissal of this appeal on the ground that the requirement that an application for appeal be filed within thirty calendar days, when interpreted as including legal holidays even when the last day falls on one, denies his right to due process. He argues that the Constitution and jurisprudence guarantee him thirty calendar days upon which to file his application for appeal.
Essential to due process are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. Sutton v. Department of Public Safety, Division of State Police, 340 So.2d 1092 (La.App. 1st Cir. 1976). In the present case, appellant received due notice of the Commission's decision. He thereafter had ample opportunity to avail himself within a clearly proscribed time period of the opportunity to have this matter heard on appeal, pursuant to the same appellate procedure provided for all members of the classified civil service. Additionally, a careful reading of La. Const. *659 (1974), Art. 10, Section 12(A), makes it clear that this provision does not guarantee a certain number of days on which the Commission is open to receive appeal applications, but rather, merely requires that an appeal be filed within a certain period. Accordingly, it is clear that appellant has not been denied due process of law.
An argument very similar to that made by appellant was addressed by this Court in Sutton v. Department of Public Safety, Division of State Police, supra, although in a slightly different context. The appellant in Sutton attacked the constitutionality of Civil Service Rule 13.2, which provides in pertinent part, that legal holidays shall not serve to extend the specified delay for appeals to the Commission. The Court found the appellant's argument to be without merit and upheld the constitutionality of this rule. Although involving a somewhat different situation than the present case, the holding in Sutton lends support, by analogy, to our position herein.
Accordingly, the motion to dismiss the appeal of appellant, Johnny Guillory, is hereby granted, with all costs to be borne by him.
MOTION GRANTED.