McCALEB, J., dissents for the reasons given in Plaquemines Executive Committee v. Board of Supervisors, 231 La. 146, 90 So.2d 868.

HAWTHORNE, Justice.

The election having been held, the question presented by this case is now moot, and there is nothing for the court to decide.

90 So.2d 880

**Louis TULLOS, Curator for Interdict, Eliza T. Taliaferro**

**v.**

**Bess T. LONG.**

**No. 43065.**

Nov. 5, 1956.

J. B. Nachman, Alexandria, A. D. Flowers, Jena, for relator.

Cameron C. Minard, Columbia, Martin S. Sanders, Jr., Olla, for respondents.

PONDER, Justice.

Upon application of Mrs. Bess T. Long, this Court issued an order directing that respondents, the Judge of the Twenty-eight Judicial District Court and the Sheriff of La Salle Parish, release relatrix on her own recognizance and show cause on October 2, 1956, why the relief prayed for should not be granted. The relatrix, under a writ of habeas corpus, was ordered incarcerated in the parish jail for a period of ten days or until she complies with the order of court, for failure to produce the body of the interdict Mrs. Eliza Taliaferro.

She had served ten days in jail at the time of the filing of the application in this Court, and had been refused release by the district court. In her application, she contended that she had served the maximum sentence which could be imposed on her by law and that part of the judgment which sentenced her to jail until she complied with the order of the writ of habeas corpus was a nullity.

Since the submission of this case, this Court has taken under advisement an appeal from the interdiction of Mrs. Eliza T. Taliaferro, the person whose body the relatrix herein failed to produce and was sentenced therefor.

In an opinion handed down on this same day (November 5, 1956) in the suit entitled Interdiction of Taliaferro, 231 La. 394, 91 So.2d 578, we have dismissed the interdiction proceedings and hence the question of the legality of the sentence imposed in the habeas corpus proceeding is now moot. This Court on many other occasions has declined to decide moot questions. State v. Hayes, 199 La. 269, 5 So.2d 768; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824; Freret Civil Association v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Jefferson 7th Ward

175

Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777; Succession of Washington, 229 La. 862, 87 So.2d 9. What this Court said in the case of Pettingill v. Hills, Inc., supra, 199 La. at page 563, 6 So.2d at page 662, is appropriate herein: "It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow."

■ It necessarily follows, since the interdiction proceedings have been dismissed, the relatrix herein could not be sentenced for failure to produce the body of the interdict and any opinion we might render concerning the validity of that judgment would be abstract and without effect.

For the reasons assigned, the writ of habeas corpus is made absolute, the conviction and sentence are set aside, and the relatrix is hereby ordered discharged.

SIMON, J., dissents.

HAWTHORNE, Justice (dissenting).

The judgment rendered by the majority of the court in this case is at this time premature for the reason that the judgment in the case of Interdiction of Taliaferro, 231 La. 394, 91 So.2d 578, is not yet final, the decision in that case being rendered on this day.