199 So.2d 891

Lantz WOMACK

v.

LOUISIANA COMMISSION ON GOVERN-MENTAL ETHICS et al.

No. 48478.

June 5, 1967.

Louis S. Quinn, Baton Rouge, for defendants-appellants.

Kantrow, Spaht, Weaver & Walter, by Carlos G. Spaht, Baton Rouge, Thomas J. Meunier, New Orleans, Oliver P. Stockwell, Sam H. Jones, Lake Charles, Sidney D. Fazio, Baton Rouge, for amicus curiae.

Robert L. Kleinpeter, Kleinpeter & George, Baton Rouge, for plaintiff-appellee.

HAMLIN, Justice:

Defendants appeal from a judgment of the trial court which declared Act 110 of

1964 unconstitutional and issued a permanent injunction permanently enjoining, restraining, and prohibiting the defendants from holding any hearings, conducting any inquiries or from issuing any orders, decisions, comments or holdings, which might in any manner affect plaintiff, Lantz Womack.[1] The judgment also overruled the dilatory exception to the jurisdiction of the trial court and the peremptory exception of no cause of action filed by defendants.

The facts of record reflect that on July 21, 1966, the Louisiana Commission on Governmental Ethics addressed the following letter to Lantz Womack, a citizen and taxpayer of the Parish of Franklin, Louisiana, a Member of the Louisiana Financial Assistance Commission, and the duly elected representative of the Parish of Franklyn for the calendar years 1964 through 1968:

"Dear Mr. Womack:

"At its meeting on July 19, 1966, the Louisiana Commission on Governmental Ethics, on its own initiative, scheduled a private hearing to investigate whether or not your receiving per diem payments from the Louisiana Financial Assistance Commission while acting in the capacity of other than that of an elected official

---

1. The trial judge did not write reasons for judgment, but the Minutes of Court recite: "It is the opinion of the Court that the constitutional amendment and the acts of the Legislature creating the Commission on Governmental Ethics is unconstitutional, null and void because it provides that a member of the Civil Service Commission shall be a member of the Commission on Governmental Ethics in direct conflict with the constitutional provision creating the Civil Service Commission."

constituted a violation of the Code of Governmental Ethics, particularly R.S. 42:1117(B) which reads as follows:

" 'B. No member of any board or commission appointed by the Governor with or without the consent of the Senate shall receive compensation or anything of economic value, other than that to which he is duly entitled from the government, for the performance of any activity during his services as such official within the scope of his official responsibilities.'

"I have been directed to request that you appear before the Louisiana Commission on Governmental Ethics at its meeting on August 25, 1966 at 1:30 p.m. in the Hearing Room of the Civil Service Building in Baton Rouge. * * * "

On August 25, 1966, a subpoena issued to Lantz Womack commanding him to appear before the Louisiana Commission on Governmental Ethics at a public hearing to be held before it in the Hearing Room, Civil Service Building, on October 7, 1966, to testify the truth in the matter of the Investigation of Possible Violation of the Code of Governmental Ethics by Lantz Womack, Member of the Louisiana Financial Assistance Commission.

The present injunction proceedings were instituted by Womack on October 6, 1966. (A temporary restraining order issued the

same day, as well as a rule to show cause why a preliminary injunction should not issue.) Plaintiff prayed that after due proceedings had the defendants be permanently enjoined from committing certain enumerated acts, allegedly injurious to him. In support of his prayer, he attacked the constitutionality of Act 110 of 1964 for the following alleged reasons:

1. It is in direct conflict with Art. XIX, Sec. 27, of the Louisiana Constitution of 1921 (Act No. 528 of 1964), adopted November 3, 1964, to the extent that the act attempts to grant the Louisiana Commission on Governmental Ethics any authority over state elected officials.

2. It violates Art. XIV, Sec. 15(E), of the Louisiana Constitution in that one of the members of the Louisiana Commission on Governmental Ethics shall be selected by the Civil Service Commission from among their own membership, to serve a one year term.

3. It is in direct conflict with Art. XIV, Sec. 15, of the Louisiana Constitution of 1921 in that it provides additional conditions of employment, additional restrictions on civil service employees, and vests the Louisiana Commission on Governmental Ethics with control over state classified employees, together with the right of reprimand, suspension or expulsion without remedy or appeal to the State Civil Service Commission.

4. It violates the due process and equal protection of law clauses of both the federal and state constitutions.

5. It was neither approved nor ratified by the voters when they voted for the adoption of Art. XIX, Sec. 27, of the Louisiana Constitution.

■ The judgment of the trial court declared Act 110 of 1964 unconstitutional; we presume that the act was declared unconstitutional in its entirety. Therefore, under the circumstances, we do not find it appropriate to limit our review to the reason set out in the Minutes of Court, supra. We shall discuss all constitutional contentions advanced by plaintiff in the trial court and argued herein in brief.

Defendants-Appellants contend that generally accepted rules of statutory construction favor giving effect to legislative intent and construing a statute as to render it constitutional rather than unconstitutional. They urge that the judgment of the district court should be reversed and plaintiff's suit dismissed.

Plaintiff-Appellee contends that the decision of the lower court was eminently correct, in that the statute involved is patently unconstitutional. He urges that if for any reason the statute be found not to be unconstitutional, then, in that event, the Louisiana Commission on Governmental Ethics has no jurisdiction whatsoever over state elected officials.

1.

In Louisiana, dual office holding in some instances is made a criminal offense. LSA-R.S. 14:137. In 1962, the Legislature passed Act 147 which established the Louisiana Financial Assistance Commission.[2] The membership, tenure, and expenses of the Commission were established as follows:

"A. There is hereby created, established and constituted, as a body politic and corporate, the Louisiana Financial Assistance Commission, hereinafter sometimes referred to as the commission, which shall be composed of three members to be appointed by the governor; provided, that members of the legislature may be appointed and any legislator so appointed shall be exempt from the provisions of R.S. 14:137; and, provided further, that there shall be one member from each of

2. The purpose of the act is stated as follows: "The Legislature of Louisiana, mindful of the need for a literate and informed citizenry, and being desirous of advancing the cause of education generally, hereby declares that it is the policy of this state to encourage the education of all of the children of Louisiana. In furtherance of this objective, and to afford each individual freedom in choosing public or private schooling, the legislature finds that it is desirable and in the public interest that financial assistance should be provided from the public funds of the state for education of the children in private non-sectarian elementary or secondary schools in this state." LSA–R.S. 17:2951, Sec. 1, Act 147 of 1962.

the three Louisiana public service districts.

"* * *

"C. The members shall serve without pay, but they shall be entitled to reimbursement of actual expenses incurred while on the business of the commission, when such business has been authorized by the commission, to be paid out of the funds of the commission, on the warrant of the chairman, attested by the secretary." LSA-R.S. 17:2952.

■ Contemplating that a legislator holding a position on the Commission (the Act, supra, specifically states that members of the Legislature may be appointed to the Commission) might be accused of dual office holding, the Legislature, supra, specifically exempted such legislators from the provisions of LSA-R.S. 14:137. We find that this action is indicative of the fact that membership in the State. Legislature and membership on the Louisiana Financial Assistance Commission are separate positions.

■ The subpoena, supra, issued to plaintiff informed him that the matter being investigated was a possible violation of the Code of Governmental Ethics by Lantz Womack, *Member of the Louisiana Financial Assistance Commission*. The investigation, therefore, had nothing to do with the legislative functions and duties of plaintiff and did not concern him in his legislative capacity. With respect to the investigation, plaintiff was a "State employee."

"G. 'State employee' means any one, whether compensated or not, who is

"(1) An administrative officer or official of the state who is not filling an elective office; or

"(2) Appointed by the Governor (whether or not approval is required by the Senate or any other body, agency or person) * * *" LSA-R.S. 42:1111; Act 110 of 1964.

Art. XIX, Sec. 27, of the Louisiana Constitution of 1921, provides in 3.B. that:

"The Louisiana Commission on Governmental Ethics shall have jurisdiction to investigate all allegations of violations of the code of ethics enacted by the Legislature with respect to all state employees other than state officials covered by part 4 hereof. The powers, duties and responsibilities of the commission shall be prescribed by the Legislature and shall include authority to investigate, hold hearings and make public findings of violations of the code of ethics enacted by the Legislature with respect to all state employees except state officials covered by part 4 hereof."[3]

Act 110 of 1964, LSA-R.S. 42:1119, provides for the creation of the Louisiana Com-

3. Part 4 provides for the Louisiana Board of Ethics for State Elected Officials. The composition of this board is different from that of the Louisiana Commission on Governmental Ethics. See, also, LSA-R.S. 42:1144.

mission on Governmental Ethics and states that it shall consider any complaints concerning violations of the Act involving employees and other persons who are within the jurisdiction of the Act. The section also provides that the Commission may, on its own motion, consider any matter which it has reason to believe may be a violation of the Act or the regulations or orders issued by the Commission.

■ We find that no conflict exists between Art. XIX, Sec. 27, La.Const. of 1921, and Act 110 of 1964, with respect to the jurisdiction of the Louisiana Commission on Governmental Ethics over state elected officials when such officials are serving as members of a board in the capacity of a "State employee." We conclude that the Commission had authority and jurisdiction over plaintiff as a "State employee" under the present facts and circumstances.

2.

Act 110 of 1964, LSA–R.S. 42:1119 provides:

"A. Louisiana Commission on Governmental Ethics.—There is hereby created and established the Louisiana Commission on Governmental Ethics, with its domicile in the city of Baton Rouge. The commission shall consist of five persons to be selected in the following manner:

"(1) One member shall be selected by the Civil Service Commission from among their own membership, to serve a one year term.

"\* \* \*"

Art. XIV, Sec. 15(E), La.Const. of 1921, provides:

"No member of any Civil Service Commission shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment whatsoever, the office of Notary Public or a military or naval office, or Dean or member of the faculty of any educational institution excepted; nor shall any member of the Commission be or have been during a period of six months immediately preceding his appointment a member of any local, state, or national committee of a political party, or an officer or member of a committee in any factional or political club or organization, and each Commissioner shall take the oath of office before entering upon the duties of office, and such oath shall include a statement of belief in and desire to support the principles of the Merit System."

It is the contention of plaintiff that Act 110 of 1964, LSA–R.S. 42:1119, supra, is in direct conflict with the Civil Service constitutional provision, supra. Under such alleged conflict, plaintiff argues that Act 110 of 1964 is unconstitutional in providing that one member of the Louisiana Commission on Governmental Ethics shall be se-

lected by the Civil Service Commission from among their own membership.

Defendants urge:

"At first blush, it might appear that there is an incompatibility between the ethics law and the Civil Service Amendment. However, when you consider the relationship between the Civil Service Commission and the Louisiana Commission on Governmental Ethics, it is only reasonable to conclude that in designating a member of the Civil Service Commission to serve on the Ethics Commission, the Legislature did not create a separate office but only added an additional duty to the Civil Service Commission."

We do not find it necessary to determine the above contention. As stated supra, by subpoena issued August 25, 1966, plaintiff was subpoenaed to appear before the Louisiana Commission on Governmental Ethics on October 7, 1966. Plaintiff instituted the present proceedings and thus far has not appeared before the Commission alleged by him to be unconstitutionally composed. During the interim, Act 13 of the Ex. Session of 1966, effective December 13, 1966, amended LSA–R.S. 42:1119 and recreated the Commission as follows:

"A. Louisiana Commission on Governmental Ethics.—There is hereby created and established the Louisiana Commission on Governmental Ethics, with its domicile in the city of Baton Rouge. The commission shall consist of five persons to be appointed by the Governor. The Governor shall appoint one member representing organized labor, one member representing business or industry, one member representing agriculture, one member representing recognized professions and one member with a demonstrated interest in state civil service employees. Initially the Governor shall appoint one member for one year term, one member for a two year term, one member for a four year term, one member for a five year term and one member for a six year term. Thereafter, each member appointed under this paragraph shall serve a six year term." LSA–R.S. 42:1119.

■ If plaintiff is hereafter summoned to appear before the Commission, he will appear before a Commission composed of membership as provided in the amendment to LSA–R.S. 42:1119, supra. It follows that the alleged unconstitutional membership of the Commission no longer exists and plaintiff's contention has now become moot and requires no answer. Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Tullos v. Long, 231 La. 171, 90 So.2d 880. Cf. Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452.

3.

■ Civil Service Statutes are designed to secure adequate protection to public

career employees from political discrimination. State ex rel. Murtagh v. Dept. of City Civil Service, 215 La. 1007, 42 So.2d 65. They embrace the merit system, and their intent is to preclude favoritism. Louisiana's Civil Service System is set forth in Art. XIV, Sec. 15, La.Const. of 1921. It provides among many things for promotions, lay-offs, discrimination, political activities, fraud, violations, and disciplinary action. It also sets forth a method of appeal and judicial review.

Ethics "is the systematic study of the nature of value concepts, 'good,' 'bad,' 'ought,' 'right,' 'wrong,' etc., and of the general principles which justify us in applying them to anything; also called 'moral philosophy' (from Latin *mores,* 'cutoms')." Encyclopedia Britannica, Vol. 8, p. 757. Webster's New World Dictionary of the American Language, College Edition, states that ethics are: "1. the study of standards of conduct and moral judgment; moral philosophy. 2. a treatise on this study; book about morals. 3. the system or code of morals of a particular philosopher, religion, group, profession, etc."

■ Louisiana's Code of Ethics for governmental affairs has as its purpose and policy the implementation of certain enumerated ethical objectives designed to protect the integrity of the government of the state and to facilitate the recruitment and retention of qualified personnel by prescribing essential restrictions against conflicts of interest in state government without creating unnecessary barriers to public service. Act 110 of 1964.

■ We find that the Civil Service Law and the Code of Ethics both affect classified employees, but that each law affects them in a different manner. Each act has its individual purpose and policy; each act has a separate life of its own; the elements of one act are not the elements of another; each act has its own peculiar administration, appeal, and judicial review. We are, therefore, constrained to find that, insofar as Louisiana classified employees are concerned, there is no conflict between the two acts.

4.

Plaintiff contends that Act 110 of 1964 contains appeal provisions for employees but contains no provision for a "person" other than a state employee to appeal a decision of the Louisiana Commission on Governmental Ethics. See, LSA–R.S. 42:- 1121E. For this reason, plaintiff contends that Act 110 of 1964 is unconstitutional, in that it deprives some persons affected by the Act of equal protection of the law.

■ Act 13 of the Ex. Session of 1966 amended LSA–R.S. 42:1121E, so as to provide for appeals for *all persons,* employees or others. Therefore, since plaintiff is not presently appealing from a decision of the

Louisiana Commission on Governmental Ethics, his contention presents a moot question which cannot be considered by this Court, in view of the passage of Act 13 of the Ex. Session of 1966, amending LSA–R.S. 42:1121E.

Plaintiff contends that Act 110 of 1964, as of the time of its passage and even after the passage of Act 528 of 1964, the constitutional amendment, is clearly in violation of Art. I, Sec. 9, of the Louisiana Constitution of 1921.[4] He argues that Act 110 of 1964 is criminal in nature and thus violates due process of law by permitting employees or other persons to be prosecuted upon the complaint of any person or upon the motion of the Louisiana Commission on Governmental Ethics. Cf. In re Buquet, La.App., 184 So.2d 288. He further argues that due process of law is violated by the Act's making accuser, prosecutor, and adjudicator one and the same person.

 In the enactment of a statute, the Legislature is supreme except when re-

stricted by constitutional authority. Buras v. Orleans Parish Democratic Executive Committee, 248 La. 203, 177 So.2d 576; Reynolds v. Louisiana Board of Alcoholic Bev. Con., 249 La. 127, 185 So.2d 794.

 Art. XIX, Sec. 27, La.Const. of 1921, is neither restrictive nor mandatory. It authorizes the Legislature to pass a Code of Governmental Ethics to implement and effectuate the policies and purposes set forth in its preamble. When the policies and purposes of the constitutional amendment, Act 528 of 1964, adopted November 3, 1964, were set forth in Act 110 of 1964, it naturally follows that it was incumbent upon the Legislature to provide for penalties for their violation.

 A reading of the entire Code of Ethics, authorized by the electorate of Louisiana, discloses that due process is afforded employees and other persons called before the Louisiana Commission on Governmental Ethics for investigation. Procedural safe-

---

4. "In all criminal prosecutions the accused shall have the right to a speedy, public and impartial trial in accordance with the provisions of this constitution. All trials shall take place in the parish in which the offense was committed, unless the venue be changed; except that the Legislature may provide for the venue and prosecution of offenses when one of the acts constituting an offense or an element of the offense occurs in a parish in this state and other acts or elements thereof occur out of the parish or state, or when an offense is committed in this state but the exact place of the commission of the offense in this state cannot be established. * * * The accused in every instance shall have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor. Prosecution shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavits; provided, that no person shall be held to answer for capital crime, unless on a presentment or indictment by a grand jury, * * *" Art. I, Sec. 9, La.Const. of 1921.

guards[5] and review are granted; thus, there is no violation of any constitutional rights.

### 5.

Act 528 of 1964 proposed an amendment to Art. XIX of the Constitution of Louisiana by adding thereto a new section, to be designated as Section 27 thereof, to authorize a code of ethics for governmental affairs in the State of Louisiana for elected officials, members of the Legislature, employees and other persons, to provide for the establishment of the Louisiana Commission on Governmental Ethics to administer the code of ethics for state employees, members of Boards and Commissions and other persons; to provide for establishment of the Louisiana Board of Ethics for State Elected Officials; to fix the powers and duties of each with respect to the Code of Ethics; to provide for appeals from administrative rulings of the commission and board and agency heads; and, to authorize the staff of the Department of State Civil Service to render all normal investigative and staff services for the commission and board.

The ballot submitted to the voters of Louisiana stated that they should vote for or against, "the proposed amendment to Article XIX of the Louisiana Constitution to add thereto a new Section 27, to establish a code of ethics for governmental affairs and to create the Louisiana Commission on Governmental Ethics and the Louisiana Board of Ethics for State Elected Officials."

Section 27 provides that the Legislature is authorized to establish a code of governmental ethics to implement and effectuate the policies and purposes of the section. The Legislature established a Code of Ethics, Act 110 of 1964, LSA–R.S. 42:1101 et seq., and stated in the act of establishment that, "This Act shall take effect and become operative if, as and when the proposed amendment to Article XIX of the Constitution of Louisiana, incorporated into Bill No. 196, introduced at this session is finally adopted at the election for representatives in Congress to be held in Louisiana in November, 1964."

Art. XXI, Sec. 2, La.Const. of 1921, provides that whenever the Legislature shall submit amendments to the Constitution, it may, at the same session, pass laws to carry them into effect, to become operative when the proposed amendments have been ratified. See, Terrebonne Parish School Board v. St. Mary Parish School Board, 242 La. 667, 138 So.2d 104; Plebst v. Barnwell Drilling Company, 243 La. 874, 148 So.2d 584. Plaintiff contends that despite Section 2, supra, the electorate could not validate, ratify, or breathe life into an unconstitutional statute, Act 110 of 1964.

5. "Notwithstanding any other provisions of this Chapter, all hearings conducted

by the Louisiana Commission on Governmental Ethics and by the Louisiana Board

Since we have found plaintiff's contentions with respect to the unconstitutionality of Act 110 of 1964 either moot or incorrect, we are constrained to find that the instant contention is also without merit. The electorate voted for the adoption of a Code of Ethics for the State of Louisiana, adopting Sec. 27 of Art. XIX, La.Const. of 1921. Act 110 of 1964, therefore, immediately took effect and became operative.

For the reasons assigned, the judgment of the District Court is reversed and set aside, and plaintiff's petition is dismissed at his cost.

McCALEB, J., concurs in the decree.

SUMMERS, J., concurs in the result.

of Ethics for State Elected Officials shall be held in accordance with the rules of procedure set forth in Title 15 of the Louisiana Revised Statutes of 1950, including but not restricted to those rules governing the admissibility of evidence and all other rules pertaining to the introduction of and the weight to be given to any evidence." LSA–R.S. 42:1148.