407 So.2d 793 (1981)
Larita S. MIXON
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 12195.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1981.
New Orleans Legal Assistance Corp., Sidney D. Watson, Maureen O'Connell, New Orleans, for plaintiff-appellant.
Charles J. Willoughby, Marc G. Shachat, New Orleans, for defendant-appellee.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
The issue in this case is whether a 50-year-old classified probationary civil service employee (who was discharged within one year from date of employment) is entitled to appeal her termination to the City Civil Service Commission where she alleges her *794 termination was based upon age discrimination.
On appeal from the Commission's order denying her request to appeal, plaintiff claims that Commission Rule II Section 4.1(c),[1] which provides for appeal to the civil service commission only where an employee alleges discrimination based on "... political or religious beliefs, sex or race ...," contravenes the equal protection clauses of the Louisiana and United States Constitutions. Plaintiff points out that the Commission's failure to include age discrimination allegations as a basis for appeal violates LSA-Const. Art. I § 3, which prohibits the adoption of any law that arbitrarily, capriciously or unreasonably discriminates against a person because of birth, age, culture, physical condition or political ideas or affiliations.
Relying on the 14th Amendment of the United States Constitution as interpreted by the U.S. Supreme Court,[2] plaintiff further claims the Commission's classification in its rule for appeals based on discrimination bears no rational relationship to the stated purpose of the civil service law, which is to further merit selection of government employees.
Defendant, on the other hand, claims the Commission's rule complies with LSA-Const. Art. 10, § 8(B) which provides:
"(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the employee."
Defendant points out that this provision of the Constitution excludes age discrimination as a ground for appeal to the Commission. Age, according to defendant, is not a suspect classification requiring "strict scrutiny" under equal protection analysis. Defendant claims that age classification is a permissible distinction and the Commission's rule establishing appellate review classification is "reasonable."
It is clear that Rule II, Sec. 4.1(c) of the Rules of the Civil Service Commission allows no right of appeal where age discrimination is alleged, but grants the right where political or religious beliefs, sex or race discrimination are alleged. Although the language in the rule tracks the wording of LSA-Const. Art. 10, § 8(B), supra, the question arises whether the Commission's denial of a right of appeal based upon allegations of discrimination because of age, while affording a right of appeal based on the other enumerated types of discrimination, violates the equal protection provisions of LSA-Const. Art. I, § 3.[3] See also, Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) for a discussion of the equal protection afforded by the U.S.Const., 14th Amendment.
In making a judicial inquiry under the equal protection provisions of the Louisiana and United States Constitutions, a *795 court must determine whether the classification drawn in the statute is reasonable in light of its purpose. McLaughlin v. State of Florida, supra. In our case, the equal protection guarantee is not violated if the classification created by the legislation bears a rational relationship to a legitimate state purpose sought to be achieved by the legislation. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979). The Louisiana Supreme Court has recognized that a reasonable classification is one that includes all persons who are similarly situated with respect to the purpose of the law. Acorn v. City of New Orleans, supra.
It is widely recognized that the purpose of the civil service system is to secure governmental employees in their positions, free from discrimination of political, religious or other nature. Perkins v. Director of Personnel, 220 So.2d 253 (La.App. 1st Cir. 1969). It is grounded in the "merit system" of employment. Womack v. Louisiana Com'n. on Governmental Ethics, 250 La. 833, 199 So.2d 891 (La.1967). Furthermore, LSA-Const. Art. 10, § 10(A)(1) gives civil service commissions rule-making power to "accomplish the objectives and purposes of the merit system of civil service...."
In view of this clear legislative purpose, we cannot say that the Commission's denial of a right of appeal to employees discriminated against because of age is a practical or reasonable means of furthering governmental employment based on merit. Indeed, denial of the right of appeal to employees suffering discrimination because of their age, a non-merit factor, while affording an appeal to other similarly situated employees suffering from other types of discrimination, contravenes the merit selection system and defeats the legislative purpose of the civil service law. Accordingly, we conclude that Rule II, Section 4.1(c), by failing to afford a discharged employee the right to appeal her termination to the Commission based on an allegation of age discrimination, violates the equal protection provisions of the state and federal constitutions.
For the foregoing reasons, the ruling of the civil service commission, which granted defendant's exception of no right or cause of action is overruled. The matter is now remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
NOTES
[1] New Orleans Civil Service Commission Rule II, Section 4.1(c) reads as follows:

"A classified employee discriminated against because of his political or religious beliefs, sex or race shall file a written statement with the Civil Service Commission containing the following information:
1. The name or names of the person or persons alleged to have committed the discriminatory act or acts.
2. The date or dates of such act or acts.
3. Where and in what manner such act or acts occurred.
4. The nature of the alleged discrimination.
5. A complaint's statement shall be filed with the City Civil Service Commission within thirty years days of the alleged discriminatory act or acts or the last occurrence of a discriminatory act."
[2] McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).
[3] LSA-Const. Art. I, § 3 reads as follows:

"§ 3. Right to Individual Dignity
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."