GULOTTA, Judge.
The Louisiana State Racing Commission appeals from the trial court’s judgment reducing the Commission’s one-year suspension of Jockey Joseph Edward Imparato’s license to thirty (30) days.
The stewards at Louisiana Downs, after a hearing, suspended Imparato from racing from July 17, 1982 to October 17, 1982, for exhibitionism in the grandstand area and for causing a disturbance with security personnel on July 17. Imparato’s appeal to the Racing Commission resulted in a one-year suspension effective July 20, 1982. Further appeal of the Commission’s decision to the trial court reduced that suspension from one year to thirty (30) days subject to a credit for “time previously suspended for this offense.”
Initially, we find merit to the contention of the Commission that the trial judge erred in considering an exhibit containing published reports of disciplinary actions against jockeys and other horsemen. LSA-R.S. 49:964(F) limits judicial review to the record.[1] The primary contentions of the Commission, however, is that its decision was not arbitrary, capricious or characterized by an abuse or unwarranted exercise of discretion.
At the Commission hearing, Cassandra Long, a security officer at the Louisiana Down paddock area, testified that when she stopped Imparato for not having the required pass, he exposed himself and became verbally abusive. Long also testified that Imparato later repeated the same actions on his way out of the paddock area.
Christopher Vieira, a security investigator at Louisiana Downs, also stated that Imparato was verbally abusive towards him during the investigation of the incident. Vieira testified that another investigator, Andrew Morning (who was absent at the Commission hearing but who testified before the stewards), had complained to him that while investigating the incident Impar-ato was also verbally abusive towards him and publicly exposed himself in front of patrons at the grandstand. At the hearing, Imparato denied these charges.
Finally, Frank Pernici, security director at Louisiana Downs, testified of pending unrelated criminal charges against Impara-to as well as a discussion by members of the Commission regarding unrelated past misconduct by Imparato.
The evidence considered, we find no error in the trial judge’s decision that the Commission abused its discretion in suspending Imparato for a one-year period. In its judgment, the trial court stated:
“The suspension for a year of a jockey for misconduct of the sort involved here, not related to the conduct of racing, is so extreme as to constitute an abuse of dis *400 cretion as contemplated by R.S. 49:964G(5).”[2]
We are mindful that the misconduct demonstrated by Imparato was reprehensible and disruptive, but, as the trial judge concluded, his misconduct was not directly related to conduct of racing. No races were affected, nor were patrons significantly disturbed since no formal complaints were made. Under these circumstances, the suspension of Imparato’s license by the Commission for a year was arbitrary and constituted an abuse of discretion. See Canatella v. City Civil Serv. Com’n, Etc., 381 So.2d 1278 (La.App. 4th Cir.1980), writ denied 384 So.2d 793 (La.1980) and Graffeo v. City of New Orleans, 351 So.2d 1311 (La.App. 4th Cir.1977).
We do conclude, however, that the trial judge erred in substituting a thirty day suspension for the ninety day suspension imposed by the stewards.
LSA-R.S. 4:172(A) places upon the stewards the responsibility for supervision of the “daily conduct of racing” and the authority “to investigate, inspect, search and inquire into all matters under their supervision”, which includes the imposition of penalties within the guidelines set forth in the statute. LSA-R.S. 4:172(M) provides that the stewards “may suspend for no greater period than the duration of the meeting plus ten days, or they may impose a fine not exceeding $200.00.” However, if in the opinion of the stewards the punishment so imposed is not “sufficient”, they have the responsibility to “so report to the Commission.”
In our case, while the stewards imposed the maximum penalty authorized under LSA-R.S. 4:172(M), they did not report that the penalty was insufficient. Presumably, if they had been of the opinion that Impar-ato’s conduct required or warranted a greater penalty, they would have so reported to the Commission. Under these circumstances, a reasonable conclusion is that the stewards felt that the penalty imposed was sufficient.
Considering Imparato’s unacceptable conduct, his past misconduct and the penalty assessed by the Stewards, we cannot say that the stewards’ decision was arbitrary, capricious or constituted an abuse of discretion. See LSA-R.S. 49:964(G)5.
Accordingly, the judgment of the trial court suspending Imparato’s license for thirty (30) days is reversed and set aside. It is now ordered that the suspension imposed by the stewards (from July 17, 1982 to October 17, 1982) be reinstated with the additional proviso that the suspénsion would be subject to credit for time “previously suspended for this offense.” Costs to be paid by Joseph Imparato.
REVERSED AND RENDERED.

. LSA R.S. 49:964(F) provides in pertinent part: “The review shall be conducted by the court without a jury and shall be confined to the record.”

. LSA- R.S. 49:964G(5) provides in pertinent part: “The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: ... (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion... . ”