GULOTTA, Judge.
Plaintiff, a horse owner separate in property from her husband, appeals from a judgment affirming a decision of the Louisiana State Racing Commission that prohibits her from separately entering her horse in the same race in which her husband has entered a horse owned by him. According to the Commission, a conflict of interest, or possibility thereof, is created when a husband and wife have horses competing in the same race.[1]
Appealing, plaintiff claims that there is no conflict of interest since she and her husband are judicially separate in property through a marital agreement, and the horses entered by each are owned separately. Moreover, according to plaintiff, because there are adequate statutory safeguards to protect against corrupt practices, it is unnecessary to deprive married owners from entering separate entries in the same race. Plaintiff further contends that the Commission’s restriction discriminates against married persons and abridges their fundamental equal protection rights guaranteed by our federal and state constitutions.
In written reasons affirming the Commission’s decision the trial judge stated, in part:
“The public must have confidence in the integrity of the officials that regulate this industry.
Public confidence would be eroded if married couples ... were permitted to separately enter a horse in a race and compete against each other and the rest of the field. Racing officials must act to avoid impropriety and also the appearance of impropriety in scheduling races....’’
We are in agreement with the trial judge. Accordingly, we affirm.
LSA-R.S. 4:141 et seq. place upon the Louisiana State Racing Commission the responsibility for the conduct of racing in this State. In this connection, LSA-R.S. 4:172(A) empowers the Stewards with the general “supervision of the daily conduct of racing” and provides them with the “authority to investigate, inspect, search and inquire into all matters under their supervision”. See Imparato v. Louisiana State Racing Commission, 433 So.2d 398 (La.App. 4th Cir.1983).
Despite plaintiff’s claim that sufficient statutory safeguards exist to prevent corrupt practices, it is clearly the responsibility of the Stewards and the Commission to take those actions necessary to avoid a conflict of interest or the appearance of a *72 conflict of interest. We canot say their action was unreasonable when considering the very nature of horse racing and the absolute necessity of protecting the integrity of that sport.
Furthermore, for these same reasons, we do not conclude that the restriction complained of in this case is a discriminatory abridgement violative of the fundamental equal protection rights guaranteed by the federal and state constitutions. Under these guarantees, where fundamental rights are involved, separate classifications are valid when there exists a “compelling governmental interest.” Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Everett v. Goldman, 359 So.2d 1256 (La.1978); Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979); Mixon v. New Orleans Police Department, 407 So.2d 793 (La.App. 4th Cir.1981). Where no fundamental right exists, however, equal protection is not abridged where the classification reasonably furthers a valid state or governmental purpose and demonstrates some rational relationship to a legitimate state purpose. Weber v. Aetna Casualty & Surety Company, 406 U.S. 164, 172, 92 S.Ct. 1400, 1405, 31 L.Ed.2d 768 (1972); Acorn v. City of New Orleans, supra; Borne v. Mike Persia Chevrolet Co., Inc., 396 So.2d 326 (La.App. 4th Cir.1981), writ denied 401 So.2d 976 (La.1981); Martin v. La Stadium & Exposition Dist., 349 So.2d 349 (La.App. 4th Cir.1977); Flynn v. Devore, 373 So.2d 580 (La.App. 3rd Cir.1979).
In the instant case, we find no abridgement of a fundamental right. Clearly, the right to contract marriage carries restrictions necessarily resulting from that relationship. Clear also is the obvious necessity to closely safeguard and protect the integrity and honesty of racing.
Considering that valid State interests are involved, we cannot say that the actions of the Stewards and the Commission were unreasonable or bore no rational relationship to a legitimate State purpose. Quite to the contrary, if the Stewards had not imposed the prohibition complained of, public confidence would have been eroded. Accordingly, we find no violation of the equal protection doctrine. See La. Div. of Horsemen’s v. La. State Racing Com’n, 391 So.2d 589 (La.App. 4th Cir.1980).
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. There is no prohibition against a husband and wife entering two horses as a "double entry”.