450 So.2d 1305 (1984)
Johnny GUILLORY
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, DIVISION OF MAINTENANCE AND FIELD OPERATIONS.
No. 83-C-2217.
Supreme Court of Louisiana.
May 14, 1984.
Rehearing Denied June 14, 1984.
*1306 Patrick W. Pendley, Freeman, Pendley & Canova, Ltd., Plaquemine, for plaintiff-applicant.
A.J. Bonfanti, Paul J. Hardy, Dept. of Transp., Robert R. Boland, Jr., Dept. of Civil Service, Baton Rouge, for defendant-respondent.
BLANCHE, Justice.
We granted writs in this case to consider the narrow issue of whether the plaintiff's application for an appeal to the First Circuit was timely filed with the Civil Service Commission.
Captain Johnny Guillory was terminated from his job with the Department of Transportation on November 17, 1980. He appealed this dismissal to the Civil Service Commission; a referee was appointed and a hearing held to review the decision of the DOTD to terminate Guillory. On December 17, 1982, the referee who had conducted the hearing filed a notice of a decision of the Commission and written reasons therefor finding sufficient cause for the termination. Guillory then elected to appeal the matter to the First Circuit and accomplished the same when he mailed a petition for appeal to the Civil Service Commission on Thursday, January 13, 1983. The petition was not received by the Commission and marked as "Filed" until Monday, January 17, 1983. The appeal was lodged, but the DOTD filed a motion to dismiss it as untimely, and the First Circuit granted the motion, 439 So.2d 657 (La.App.1983).
Article 10, Section 12 of the Louisiana Constitution of 1974 provides that, if no application for review is filed with the Commission, the decision of the referee becomes the final decision of the Commission as of the date the decision was rendered. Section 12 goes on to provide that a final decision of the Commission is subject to review by the court of appeal where the Commission is located "upon application filed with the commission within thirty calendar days after its decision becomes final."[1] In this case, the final day of the thirty-day filing period fell on a weekend and though the application was mailed on a Thursday from a town no more than half an hour's drive from the Commission's offices, it was not received by them until the following Monday morning, at least one day "late."
In dismissing the appeal, the First Circuit held, as it has previously, that the term "calendar days" precludes an extra day for filing when the last day falls on a legal holiday. See, Duhe v. Department of Revenue and Taxation, 432 So.2d 280 (La.App. 1st Cir.1983); Johnson v. Louisiana State University, 431 So.2d 447 (La.App. 1st Cir. 1983); and, Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir. 1983).
The Department of Transportation and Development argues in favor of this court's adoption of the same construction of the *1307 Constitution and a holding that an application is untimely if not filed within the thirty day period, even if the last day of that period falls on a Saturday, Sunday, or other legal holiday when the Commission's offices are not open to receive the application. Since the date of mailing as shown by an official postmark is not determinative for timeliness of an application for appeal to the court of appeal filed with the Commission, as it is in all other appeals filed directly with the court, the argument advocated by the DOTD would require, in effect, that a Civil Service employee who wishes to appeal a final decision of the Commission, must hand deliver the application to the Commission's office on a business day within the 30-day period because, no matter when he mailed his application, he could not be guaranteed of a timely filing since there is no guarantee that the mail will arrive within thirty days. We decline to reach such a conclusion.
Guillory, on the other hand, urges this court to adopt a "mailbox rule." He bases his argument upon this court's definition of "filed" in the case of Reilly-Benton Company, Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24, (La.1973):
The obvious import of the words `reported' or `filed' is that the intended recipient of the document to be `filed' or `reported' actually receive the document. One does not report until the recipient receives notification of the report; one has not filed until the recipient has received custody of the document. Id. at 28.
Guillory argues that once the application was in the post office box belonging to the Commission, the Commission had "custody" of the document. The DOTD also quotes the same case and the same language in support of its contention that the application is not timely filed until actually in the office of the Commission.
We decline to decide this case on the arguments presented by either of the parties, believing that there is a clearer and more definitive resolution provided by statute. La.C.C.P. art. 5059 provides:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.
Art. 10, Sec. 12 of the 1974 Constitution is undoubtedly a period of time prescribed by law. That being the case, C.C.P. art. 5059 applies and, since the final day for filing the application for appeal in this case fell on a legal holiday, the applicant had until the end of the next business day, Monday, January 17, 1983, to file his application. Since the application was received on that day, it was timely and the appeal should not have been dismissed.
The DOTD argues that the redactors of the 1974 Constitution, in using the expression "thirty calendar days," rather than simply "thirty days," meant to include all legal holidays, even those which are the last day of the filing period. There is nothing in the record of the Constitutional Convention, however, which supports such a conclusion. We conclude that the term "calendar days" is meant to indicate a full twenty-four hour period, rather than a "business day." We also believe that the constitution provides for a uniform 30-day filing period for each potential applicant, rather than 30 days for some, 28 or 29 for others, or even 27 if the last day should happen to fall on a three-day weekend.
The fact that Art. 10, Sec. 12 provides for a filing period of thirty days does not end the inquiry. There is still the matter of determining when that period is to begin and end. For example, the decision of the Commission became final in this case as of the date it was rendered, December 17, 1982, and the application for appeal had to be filed "within thirty calendar days after *1308 [the] decision [became] final." There is nothing in the Constitution which specifies whether the date of the finality of the decision or the next day is to be counted as the first of the thirty-day period. In its brief to this court, the DOTD stated that the appeal delay started to run on December 18, yet there is absolutely no basis in the law for that assumption other than C.C.P. art. 5059.
Furthermore, there is no constitutional bar to the application of C.C.P. art. 5059 to the time period prescribed by Art. 10, Sec. 12 of the Constitution. The Louisiana Constitution's provisions, unlike those of the Federal Constitution, are not grants of power but are instead limitations on the otherwise plenary power of the people of this state as exercised through the state legislature. It is a fundamental principle of judicial interpretation of state constitutional law that the legislature is supreme except when specifically restricted by the Constitution. Hainkel v. Henry, 313 So.2d 577 (La.1975); Central Louisiana Telephone Co. v. Louisiana Public Service Commission, 262 La. 819, 264 So.2d 905 (1972); Womack v. Louisiana Commission on Governmental Ethics, 250 La. 833, 199 So.2d 891 (1967); Plebst v. Barnwell Drilling Company, 243 La. 874, 148 So.2d 584 (1963). This principle of interpretation applies equally to statutes enacted since the effective date of the Constitution and to those previously enacted which were continued in effect under Art. 14, Sec. 18(A) of the 1974 Constitution.[2]
There is nothing in the 1974 Constitution which would serve as a limitation of the legislature's authority to adopt the procedural rule embodied in C.C.P. art. 5059. To say that the term "thirty calendar days" acts as such an express constitutional limitation would be a gross exaggeration. We reiterate, Art. 10, Sec. 12 simply provides for full twenty-four hour days, which in no way conflicts with the procedural method of counting provided by art. 5059. Art. 5059 merely insures uniformity in the counting of this, and all, "time periods prescribed by law" by making it clear that, as the DOTD assumed, the day which starts the running of the period, i.e., the date of the finality of the Commission's decision, is not to be counted as the first. Likewise, when the last day for the filing of an application for an appeal with the Civil Service falls on a legal holiday, that day will not be counted and the applicant will have until the end of the next business day to file timely.

DECREE
For these reasons, the decision of the court of appeal dismissing the appeal is reversed and the case is remanded for further proceedings in accordance with law.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Article 10, section 12 of the constitution provides that an application for appeal must be "filed with the commission within thirty calendar days after its decision becomes final." Article 5059 of the code of civil procedure may not be used to extend a period of time provided by the constitution. The majority's interpretation permits the application in the instant case to be filed within thirty-one daysone day longer than allowed by the clear wording of the constitution. Accordingly, I respectfully dissent.
NOTES
[1] Art. 10, Sec. 12 provides:

(A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the filing of an application for review with the commission within fifteen calendar days after the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. If an application for review is timely filed with the commission and, after a review of the application by the commission, the application is denied, the decision of the referee becomes the final decision of the commission as of the date the application is denied. The final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final. Any referee appointed by the commission shall have been admitted to the practice of law in this state for at least three years prior to his appointment.
[2] Art. 14, Sec. 18(A) reads:

Laws in force on the effective date of this constitution which were constitutional when enacted and are not in conflict with this constitution, shall remain in effect until altered or repealed or until they expire by their own limitation.