CRAIN, Judge.
This matter is before the court on a motion of the Director of the Department of the State Civil Service [1] to dismiss Earl Netter’s unlodged civil service appeal. The Director alleges the appeal was not timely perfected.
According to the provision of Art. X, Section 12 of the Louisiana Constitution of 1974, a decision of the Commission shall be subject to review on any question of law or fact upon appeal to the Court of Appeal, upon application filed with the Commission “within” thirty calendar days after its decision becomes final. A decision becomes final if an application for review is not made within 15 calendar days after a decision by the referee is rendered. If timely application is not made, the referee's decision becomes the final decision as of the date it was rendered.
On December 9, 1983, the civil service referee rendered a decision denying Earl Netter’s appeal to the Commission. No application for review was filed, therefore this decision became final on December 9, 1983, the date it was rendered. The thirtieth day after the decision became final was January 8, 1984 — a Sunday and legal holiday.
On January 6, 1984, Earl Netter mailed his notice of appeal to the State Civil Service Commission. This notice of appeal was received on January 9, 1984, thirty-one days after the decision became final.
Under Guillory v. Department of Transportation and Development, 450 So.2d 1305 (La. 1984),[2] the appeal was timely perfected. Guillory held that the 30 calendar day appeal delay provided by La. Const. Art. X, Sec. 12, is subject to the provisions of La.C.C.P. art. 5059. That article provides that, if the last day of the delay is a legal holiday, the delay runs until the next day which is not a legal holiday. Hence, Earl Netter timely perfected his appeal on January 9, 1984.
For the foregoing reasons, the motion to dismiss Earl Netter’s unlodged devolutive *493 appeal is denied. All costs are to be paid by appellee.
MOTION DENIED.

. The Director of the Department of the State Civil Service was recognized by this court as an indispensable party by order dated January 20, 1984.

. Rehearing denied June 14, 1984.