COLE, Judge.
The issue in this motion to dismiss is whether or not appellant filed timely a brief following the issuance of a notice of abandonment.
Since appellant failed to file a brief following lodging of his appeal, this Court sent him a notice of abandonment on April 6, 1984. This notice advised appellant his appeal would be dismissed thirty days from April 6 unless a brief was filed before that date. The last day of this thirty day period fell on Sunday, May 6, a legal holiday. La.R.S. 1:55 A(l). Appellant’s brief was hand delivered and filed on Monday, May 7. Appellee then filed the present motion to dismiss this appeal, alleging appellant’s brief was filed untimely. In response, appellant urges Code of Civ.P. art. 5059 should be applied to extend the filing period to the next legal working day.
The court rule dealing with the timely filing of papers does not provide for situations such as the present one. See Uniform Rules, Courts of Appeal, Rule 2-13. However, Code of Civ.P. art. 5059 does provide for an extension until the end of the next legal working day whenever the last day of a period provided by law or court order falls on a legal holiday. We find this provision applicable to the filing of briefs in this Court. See Guillory v. Dept. of Transp. and Development, 450 So.2d 1305 (La.1984).
Accordingly, the filing of appellant’s brief on May 7 was timely. For this reason appellee’s motion to dismiss is- denied at his cost.
MOTION TO DISMISS APPEAL DENIED.