Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,838-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CITY OF SHREVEPORT                          Plaintiff-Appellant

versus

SHREVEPORT MUNICIPAL                        Defendants-Appellees
FIRE AND POLICE CIVIL
SERVICE BOARD AND PEGGY
ELZIE

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 608942

Honorable Michael A. Pitman, Judge

* * * * *

PETTIETTE, ARMAND, DUNKELMAN,        Counsel for Appellant
WOODLEY, BYRD & CROMWELL, L.L.P.
By:  Joseph Samuel Woodley
       E. Henry Byrd, IV

BILLY RAY CASEY                       Counsel for Appellee,
                                      Shreveport Municipal
                                      Fire and Police Civil
                                      Service Board

BRAINARD & BRAINARD, L.L.C.           Counsel for Appellee,
By:  Eron Jay Brainard                Peggy Elzie

* * * * *

Before WILLIAMS, MOORE, and McCALLUM, JJ.

**McCALLUM, J.**

At issue in this appeal is whether the computation of time set forth in La. C.C.P. art. 5059 applies to the time period in La. R.S. 40:2531(B)(7) concerning the permitted length of a disciplinary investigation of a law enforcement officer. Agreeing with the District Court that it does not, we affirm the judgment upholding the Shreveport Municipal Fire and Police Civil Service Board's decision to set aside the Shreveport Police Department's discipline of Officer Peggy Elzie.

## FACTS

Elzie was involved in a motor vehicle accident on July 4, 2017, when her vehicle struck the rear of two stopped vehicles. An investigation was conducted on the date of the accident.

The investigation into the accident was considered by law to be completed when, on September 5, 2017, Elzie received notice of a September 11 predisciplinary hearing. At the hearing, Elzie received a three-day fine and was ordered to attend a defensive driving class. Elzie appealed the discipline to the Shreveport Municipal Fire and Police Civil Service Board ("Board"), contending that the discipline was an absolute nullity because the investigation had not been completed within 60 days as required by La. R.S. 40:2531(B)(7). Saturday, September 2, was the 60th day.

The Board found a violation of the 60-day rule and as a consequence, it nullified Elzie's discipline. The City of Shreveport ("City") appealed this determination to the First Judicial District Court, which upheld the Board's decision. The City appeals the District Court's judgment.

**DISCUSSION**

La. R.S. 40:2531(B) contains the minimum standards to be followed when a police employee or law enforcement officer is under investigation and faces possible disciplinary action, demotion or dismissal. Included among the minimum standards is a provision pertaining to the permissible length of an investigation:

> When a formal, written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, **each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days**. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. . . . Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. **The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing** or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

La. R.S. 40:2531(B)(7). Emphasis added.

The penalty for an agency's failure to comply with these minimum standards in their entirety is an absolute annulment of the discipline:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer **without complete compliance** with the foregoing minimum standards is an **absolute nullity**.

La. R.S. 40:2531(C).  Emphasis added.

As noted earlier in this opinion, the 60th day from the start of the investigation was Saturday, September 2, 2017.  September 4 happened to be Labor Day in 2017.

The City contends that its notice to Elzie and the completion of the investigation were timely because, under the provisions of La. C.C.P. art. 5059, the last day of a period of time allowed or prescribed by law is not included when computing the period if it is a legal holiday.  Labor Day, Saturdays, and Sundays are considered to be legal holidays for the purposes of art. 5059.  La. R.S. 1:55(E)(3).  Thus, in this instance, the investigative period ended on a legal holiday, and the next day that was not a legal holiday was the date of service, Tuesday, September 5.

> Before its amendment in 2018, La. C.C.P. art. 5059 provided:
>
> In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
> A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
> (1) It is expressly excluded;
> (2) It would otherwise be the last day of the period; or
> (3) The period is less than seven days.

The City argues that art. 5059 applies in this matter because it involves a period of time prescribed by law, *i.e.*, the 60 days to complete the investigation.  In support of its argument, the City cites *Guillory v. Department of Transp. & Dev.*, 450 So. 2d 1305 (La. 1984), where the Louisiana Supreme Court applied art. 5059 to a provision in the Louisiana

Constitution stating that appellate review of a final decision by the Louisiana Civil Service Commission was obtained by filing an application with the Commission within 30 calendar days after its decision became final. The Supreme Court's rationale was that the constitutional provision was undoubtedly a period of time prescribed by law, and that art. 5059 ensured uniformity in the counting of all time periods prescribed by law.

For the following reasons, we distinguish *Guillory* and conclude that art. 5059 is not applicable to the investigative period found in La. R.S. 40:2531(B)(7). First, we note that the statute contains minimum standards, otherwise known as the Police Officer Bill of Rights, which must be followed when a police officer faces an administrative investigation which could result in possible disciplinary action, demotion, or dismissal. *See Kendrick v. Department of Police*, 2016-0037 (La. App. 4 Cir. 6/1/16), 193 So. 3d 1277, *writ denied*, 2016-1435 (La. 11/15/16, 209 So. 3d 779. The time for completing an investigation is among those minimum standards. In the absence of total compliance with those minimum standards, the Shreveport Police Department's discipline of Elzie was an absolute nullity.

Second, the statute provides a mechanism through which a police department can seek an extension of the time to complete an investigation. The Shreveport Police Department could have petitioned the Board for an extension or it could have obtained a written agreement from Elzie to extend the investigation. The Shreveport Police Department did not obtain, or even seek, an extension under either avenue.[1]

_____

[1] We note that the PDC scheduling form stated that a "PDC must be scheduled by (60 day limit): Date: September 4, 2017." This indicates some confusion on the part of the Shreveport Police Department as to when the period actually ended.

4

Finally, the Supreme Court in *Guillory* reasoned that without the uniformity afforded by the application of art. 5059, some applicants would not have 30 days to appeal, but would have only 28 or 29 days, or even 27 days if the last day happened to fall on a three-day weekend. Such concerns regarding uniformity are absent from this case. This is not a circumstance where a legal holiday acted as an impediment to the last-day filing of a complaint or of an appeal. There was nothing inhibiting the Shreveport Police Department from actually serving notice to Elzie on Saturday, September 2. At the Board hearing, the Board Chairman commented that in addition to delivering the notice to Elzie at home, she could have been called in to work to be served. Her attorney noted that unlike a court of law or a tribunal, a police department is always open. In fact, Elzie was on duty on September 2, 3, and 4. Thus, the legal holidays were not the cause of the Shreveport Police Department's failure to serve timely notice upon Elzie.

## CONCLUSION

The judgment is AFFIRMED. Costs are not assessed. La. C.C.P. art. 1920.[2]

---

[2] Our records show that the City of Shreveport has prepaid all appellate costs so there is no need to assess costs in accordance with La. R.S. 13:5112(A).